WOOTEN, et al. *v.* CITY OF LAUREL, et al.

No. 39460          September 27, 1954          74 So. 2d 752

*Melvin, Melvin & Melvin,* Laurel, for appellants.

*L. K. Saul,* Ellisville; *Welch, Gibbes & Butts, Deavours & Hilbun,* Laurel, for appellees.

McGehee, C. J.

There was a final judgment rendered on October 16, 1953, in the circuit court, whereby the suit of the appellants was dismissed on the ground that the declaration stated no cause of action and that the plaintiffs had declined to amend the declaration.

The question presented for decision on the motion to dismiss the appeal to this Court is whether or not the appeal was taken in the manner and within the time provided by law.

Section 1162, Code of 1942, provides among other things that on appeals from final judgments of a circuit court in civil cases, where the appellant shall not desire a supersedeas, he may give a bond in the penalty of $500.00 conditioned for the payment of all the costs of appeal in case the judgment or decree be affirmed as to such appellant. This statute further provides "but if appellant prepay the cost of the transcript, a bond for the sum of one hundred dollars shall be sufficient, or the appellant may deposit that sum with the clerk in lieu of the bond; * * *."

Section 753, Code of 1942, provides that "appeals to the Supreme Court shall be taken within six months after the rendition of the judgment or decree complained of, and not after, * * *."

On or before February 5, 1954, the appellants paid to the clerk the sum of $50.00 as a "cash bond" for this appeal. They did not "prepay the cost of the transcript," a condition on which the right to give a bond for the sum of $100.00 or deposit that sum with the Clerk in lieu of the bond, is predicated.

After the time had expired under Section 753, supra, for perfecting the appeal, and in response to a suggestion by the Clerk of this Court to the circuit clerk that Section 1162, supra, required a cash deposit of $100.00, or a bond in the amount of $100.00, and the prepayment of the transcript fee, unless a bond in the sum of $500.00 has been given, the appellants deposited the further sum of $50.00 in cash with the circuit clerk, and he certifies that he mailed the total sum of $100.00 to the Clerk of the Supreme Court.

The $100.00 deposit or bond provided for by Section 1162, supra, in cases where the cost of the transcript has been prepaid, is intended to cover the additional cost on

appeal to this Court. That is the reason the clerk forwarded the $100.00 on to the clerk of this Court, and on May 24, 1954, the circuit clerk made an affidavit in connection with the motion to dismiss this appeal in which he states that "the plaintiffs did not and have not prepaid the cost of the transcript." And on September 13, 1954, the circuit clerk made an affidavit as an exhibit to the answer of the appellants to the motion of the appellees to dismiss the appeal in this Court and in which he states that "the cost of preparing the transcript in the lower court has been paid." ▮▮ There is no contention that the cost of the transcript was prepaid within the six months period provided for an appeal to this Court.

If the cost of the transcript had been prepaid so as to entitle the appellants to make a bond in the sum of $100.00 or a cash deposit in that amount in perfecting their appeal then under the former decisions of this Court we would be justified in allowing any defect or irregularity in the $100.00 bond to be cured by amendment or to allow the insufficiency of the cash deposit to be made up, even though the defect or irregularity in the amount of the bond or the sufficiency of the deposit had continued to exist beyond the six months period allowed for perfecting the appeal. But we are not authorized to dispense with the provision of the statute which requires the prepayment of the cost of transcript in order to entitle the appellant to appeal by making a $100.00 bond or a cash deposit in that amount. There were no stenographic notes taken in this case but the prepayment of the "cost of the transcript" includes the cost of the clerk of the trial court for making up part of the transcript, and this cost had not been paid at any time before the right of appeal had expired. The motion to dismiss the appeal must, therefore, be sustained.

Sustained.