GULF SOUTH CONTRACTORS, INC. *v.* ANDERSON, et ux.

No. 44056          February 14, 1966          183 So. 2d 189

*Lester C. Franklin, Jr.,* Pascagoula, for appellant.

*Wiesenburg, McLeod, Oswald & Lockard,* Pascagoula, for appellees.

SMITH, J.

This case is before us upon the motion of appellees, Harmon C. Anderson, et ux, to dismiss the appeal of Gulf South Contractors, Inc., the appellant.

Several grounds are assigned as justifying the requested action.

It is necessary to discuss only one of these.

No appeal bond was filed; but, on the ninetieth day after the entry of the decree from which the appeal was sought, appellant deposited with the clerk of the trial court a personal check in the amount of $150. The letter of transmittal directed the clerk to "accept $100 of said check as a deposit on cost of appeal . . . and apply the balance of $50 toward payment of the costs of the lower court, retaining any excess, if any."

This check was deposited but was returned by the bank because there were insufficient funds in the account upon which it was drawn to pay it. It was paid upon redeposit at a later date.

The record as to the matters referred to in the motion, as well as the briefs submitted, are minimal. However, the appellant does not claim, nor does the record reflect, that the cost of the transcript was prepaid within the ninety-day period allowed for taking an appeal as provided by Mississippi Code Annotated section 1162 (1956).

██ █ Prepayment of the cost of the transcript, within the ninety-day period, was an essential condition precedent to the right to make a $100 appeal bond or to deposit that amount with the clerk in lieu of such bond.

██ █ In Wooten v. City of Laurel, 221 Miss. 652, 655, 74 So. 2d 752, 753 (1954), this Court said:

. . . There is no contention that the cost of the transcript was prepaid within the six months period (now 90 days) provided for an appeal to this Court.

If the cost of the transcript had been prepaid so as to entitle the appellants to make a bond in the sum of $100.00 or a cash deposit in that amount in perfecting their appeal then under the former decisions of this Court we would be justified in allowing any defect or irregularity in the $100.00 bond to be cured by amendment or to allow the insufficiency of the cash deposit to be madeup, even though the defect or irregularity in the amount of the bond or the sufficiency of the deposit had continued to exist beyond the six months period allowed for perfecting the appeal. But we are not authorized to dispense with the provision of the statute which requires the prepayment of the cost of transcript in order to entitle the appellant to appeal by making a $100.00 bond or a cash deposit in that amount.

For the reason stated, the motion to dismiss the appeal must be sustained.

Motion to docket and dismiss sustained.

All Justices concur.