554 So.2d 312 (1989)
Gloria Burdine MOORE
v.
Gregg A. WAX, Manfread Wax, and Winnie Ruth Wax.
No. 89-TS-239.
Supreme Court of Mississippi.
November 29, 1989.
Randolph Walker, Walker & Turner, West Point, Miss., for appellant.
C. Michael Malski, Carnathan Malski & Ford, Amory, Miss., for appellee.
EN BANC.
ROBERTSON, Justice, for the Court:

ON MOTION TO DOCKET AND DISMISS
This matter is before the Court on Appellees' motion to docket and dismiss. At issue is whether there be leeway in our rule of mandatory dismissal in civil cases where the appellant has filed her notice of appeal later than thirty days following entry of the order appealed from. See Rules 2(a)(1) and 4(a) and (d), Miss.Sup.Ct.Rules.
The record reflects that on August 17, 1988, the Chancery Court of Monroe County entered final judgment vesting legal custody of the minor child, Gregg Anthony Wax, Jr., in Plaintiffs/Appellees, Gregg A. Wax, Manfread Wax, and Winnie Ruth Wax and, further, placing the child within the physical custody of Manfread and Ruth Wax. Gloria Burdine Moore (Wax) filed a timely post-trial motion to reconsider. See Rule 59, Miss.R.Civ.P. On January 23, 1989, the Chancery Court entered the order sought here to be appealed, an order denying the post-trial motions and providing other relief. See Rule 4(d), Miss.Sup.Ct. Rules.
On February 23, 1989, Gloria Burdine Moore (Wax) filed and served her notice of appeal. In due course Appellees moved this Court to docket and dismiss, noting *313 that the rules gave Appellant only until February 22, 1989, within which to file her notice with the clerk of the Chancery Court. Because Appellant gave her notice on February 23, Appellees argue that the appeal was not timely perfected and, hence, must be dismissed.
Rule 2(a)(1) and Tandy v. Fletcher, 554 So.2d 308, 309, decided this day, require that we grant Appellees' motion and finally dismiss this appeal.
One point need be added. Perhaps the Appellant miscalculated, because of the intervention of George Washington's birthday, thinking she was entitled to file her notice of appeal on or before February 23, 1989. As all know, George Washington was in fact born on February 22, and if, as in days of old, February 22 had been a legal holiday, Appellant would be correct.
Once more legal decree overrules biological and historical fact, as Rule 26(a), Miss. Sup.Ct.Rules, changes Washington's birthday. In relevant part the rule provides:
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of this Court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or any other day when the clerk's office is in fact closed, whether with or without legal authority, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday or any other day when the clerk's office is closed.
As used in these rules, "legal holiday" includes .. . "the third Monday of February (Washington's birthday); ... ."[1]
Rule 26(a) directs our attention to the last day of the thirty day time period, and provides that Appellant would have had until the next day to give notice of appeal only if that day had been a legal holiday. Washington's revised birthday, the third Monday in February of 1989, was February 20, 1989. February 22, 1989, was not a legal holiday. Accordingly, Appellant's notice of appeal was due to be filed no later than February 22, 1989. Because it was not so filed, we must dismiss. See Rules 2(a) and 4(a) and (d), Miss.Sup.Ct.Rules; Tandy v. Fletcher, supra.
MOTION TO DOCKET AND DISMISS GRANTED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.
NOTES
[1] See also Miss. Code Ann. § 3-3-7 (Supp. 1989) and 5 U.S.C. § 6103. The law in this country provides President Washington a variable birthday, mandating observance to suit the convenience and leisure of the populace. How Augustine and Mary Ball Washington, not to mention George himself, might have regarded this we cannot know.