554 So.2d 308 (1989)
TANDY ELECTRONICS, INC. d/b/a Tandy Computer Leasing
v.
Wayne A. FLETCHER d/b/a Wayne A. Fletcher Accounting.
No. 07-59562.
Supreme Court of Mississippi.
November 29, 1989.
Glen W. Hall, Jackson, for appellant.
L. O'Neal Williams, Jr., Poplarville, for appellee.
En Banc.

ON MOTION TO DOCKET AND DISMISS APPEAL
ANDERSON, Justice, for the Court:
This case is before the Court on Appellee's motion to docket and dismiss. Appellant, Tandy Electronics, Inc., filed its notice of appeal one day late and the question is whether there are any credible or valid grounds on which we should decline to dismiss Tandy's appeal.
On April 29, 1986, Tandy Electronics filed suit in the Circuit Court of Pearl River County against Wayne A. Fletcher Accounting seeking recovery of a balance due under a lease of computer equipment. On May 20, 1988, the case was heard and the jury returned a verdict for Tandy in the amount of $4,588.00 plus reasonable attorney's fees. After the jury was discharged, a judgment was entered on May 20, 1988, which included an award of attorney's fees in the sum of $1,376.00. This was far less than Tandy had sued for. Tandy filed no post-trial motions but did file its Notice of Appeal on June 21, 1988, thirty-two (32) days after entry of judgment.
The following chronology reflects what happened:

 Trial and Jury Verdict May 12, 1988
 Negotiations for settlement May 17, 1988
 Settlement offer rejected and
 Appellant's Attorney drafted
 order containing judgment May 19, 1988
 Judgment signed by Judge and
 entered May 20, 1988
 Notice of Appeal prepared June 16, 1988
 Notice of Appeal mailed June 20, 1988
 Notice of Appeal received and
 filed in Circuit
 Clerk's office June 21, 1988

Thirty days ended on Sunday, June 19, 1988. According to a combined reading of Rules 4 and 26, Miss.Sup.Ct. Rules, Tandy had to file by the end of June 20, 1988. Tandy's notice was filed one day late.
Tandy has since filed a Motion to File an Appeal Out-of-Time, which has been treated for purposes of this motion as a response to Fletcher's Motion to Dismiss Appeal. Tandy admits that its attorney failed to comply with the thirty-day requirement, and did file its Notice of Appeal one day late. Exactly why the notice was filed June 21 but not on June 20 we are not told. Apparently, Tandy has failed to avail itself of Mississippi Supreme Court Rule 4(g) which allows the trial court to extend the time for filing a notice of appeal upon the showing of excusable neglect. Unfortunately, *309 Rule 4(g) would not be of any help to Tandy at this point in time.
At least four of our rules are implicated. We begin with Rule 4(a), Miss.Sup.Ct. Rules which, in relevant part, reads:
(a) Appeals and Cross-Appeals in Civil and Criminal Cases. In a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to this Court the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.
This rule uses the word "filed" rather than "served" and thus means that the notice must actually be received in the office of the trial court clerk within the thirty day time frame. Rule 26(a) then provides in relevant part:
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of this Court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or any other day when the clerk's office is in fact closed, whether with or without legal authority, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday or any other day when the clerk's office is closed.
June 20, 1988, was a Monday.
Rule 2 provides in relevant part:
(a) Dismissal of Appeal.
(1) Mandatory Dismissal. An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rule 4 or 5.
(c) Suspension of Rules. In the interest of expediting decision, or for other good cause shown, this Court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, in civil cases this Court will not extend the time for taking an appeal as provided in Rules 4 or 5.
In the Official Comment to Rule 2 we find the following:
Under Rule 2(a)(1), if an appeal is not taken with the time specified in Rules 4 or 5, the Court, on its own motion or on motion of party, shall dismiss it. Rule 4(g) states when an extension of time may be granted by the trial court. Rule 2(c) provides for the suspension of Rule 2(a)(1) in criminal cases.
Rule 2(c) provides for suspension of the rules for reasons of expedition or good cause shown. It is important to note that in civil cases, under Rule 2(c) the Court may not extend the time for taking an appeal. This is a departure from prior law.
The question before the Court is not whether we must dismiss this appeal but whether we should. Of course, so long as Rule 2 directs mandatory dismissal, that is a powerful reason why we should grant the motion, but this Court would certainly have the authority to amend Rule 2 to delete the mandatory dismissal provision, as this Court had the authority to promulgate the rule in the first place. In the end, many of the reasons why we should strictly enforce Rule 2 correspond to the reasons why we adopted it.
Under our law any party aggrieved by a final judgment in the trial court may of right appeal to this Court. A number of considerations lie behind both the form and content of any rule setting a time limit for perfecting an appeal. For one thing, we want the time limit to be reasonable. We once had a rule requiring that the appellant give notice to the court reporter within ten days. Experience taught us that was too short. The time limit for perfecting an appeal should not be set or enforced so as to discourage or encourage appeals. The decision whether to appeal is one to be made by the unsuccessful litigant below and her lawyer, and the rule should allow time for them to consider their alternatives. On the other hand, we want appeals filed within a reasonable time. The successful litigant below is entitled to know with reasonable *310 promptness whether he or she will be subject to further litigation and not to be left hanging for an inordinate period of time.
We have adopted a procedure that is simple, see Rule 3, and allowed thirty days to complete the procedure. The thirty day time limit is surely one with which anyone can comply. We cannot imagine it taking more than fifteen minutes of an attorney's time to perform the preparation and mailing of a notice of appeal. Indeed, Rule 3 simplifies the events jurisdictionally required to perfect an appeal. Departing from prior practice whereby perfection consisted of a notice of appeal plus designation of the record and pre-payment of costs, Rule 3 provides that appeal "shall be taken by filing a notice of appeal with the clerk of the trial court" within the time required by Rule 4. While designation of the record and payment of costs remain essential steps in processing an appeal, the giving of a proper and timely notice appeal is the only action prerequisite to vesting this Court with jurisdiction to hear the appeal. Fortunately, we are well beyond the days when failure to make prepayment of the cost of the transcript, within the time for taking appeal, was an essential condition precedent to the right to make an appeal bond or to deposit that amount with the trial court clerk in lieu of such bond. See, e.g. Gulf South Contractors, Inc. v. Anderson, 254 Miss. 830, 183 So.2d 189 (1966), where this Court dismissed an appeal for this very failure.
The above points suggest the content of the rule. The question then becomes what form it should take. The interests of certainty and avoiding official arbitrariness in decision-making suggest a hard-edged inflexible cutoff to end the reasonable time frame, as opposed to a loose or flexible standard. There is no particular virtue in a thirty-day rule, as opposed to a thirty-one day rule. There are important policy considerations at work, however, that suggest a precise rule, strictly enforced, rather than a directive to "file notice of appeal within a reasonable time" or a precise rule that is riddled with exceptions or is not enforced. All are interested in knowing with certainty whether the appeal has been perfected. Satellite litigation regarding the question of whether the appeal has been perfected is wasteful and time consuming, both to the litigants and to the court and promotes no inherent value. See Moran v. Necaise, 437 So.2d 1222, 1225 (Miss. 1983). Moreover, the circumstances of litigants wishing to appeal are not likely to vary so much one from the other that flexibility in interpretation becomes important.
For these reasons we have opted for a thirty-day rule, considering that this is a reasonable period of time within which anyone can perfect her appeal. We have put this rule in the form of a hard-edged, mandatory rule and there are a number of reasons why we should enforce it as written. See Rules 2, 4 and 26, Miss.Sup.Ct. Rules.
Strict enforcement has the virtue of treating alike all persons similarly situated. We perceive no circumstances involving potential appellants from adverse judgments in civil actions which would compel a unique or flexible treatment. All are entitled to a reasonable time within which to perfect an appeal, and thirty days is certainly a reasonable time within which to do something which could not possibly take longer than fifteen minutes at the maximum. Moreover, strict enforcement will eliminate sub rosa grounds for decision making. Relaxed enforcement inevitably leads to motions to docket and dismiss being decided on grounds other than whether the appellant has given notice of appeal within a reasonable time following entry of judgment in the trial court.
We regard convergence of declared rule and official conduct a virtue in a legal system. We have declared in the rules noted above that appeals not perfected within thirty days will be dismissed, period. We have declared that the rule will be enforced. See Landrum v. Bailey, 475 So.2d 140, 141 (Miss. 1985). See also Telford v. Aloway, 530 So.2d 179, 180-81 (Miss. 1988); and Clark v. City of Pascagoula, 473 So.2d 477, 478 (Miss. 1985). Litigants are entitled to expect that we will do what we say. Otherwise our actions become *311 arbitrary and officially so, and, more importantly, in this world where perception is reality to so many we open ourselves to the public perception of arbitrariness and caprice in the administration of appellate justice. If the word gets out that we have not the stomach to enforce the rule we have declared, this is but an invitation to further sattelite litigation of the sort we should discourage, litigation that is unnecessary and costly to all concerned, including the courts.
If we make an exception today, the question is sure to follow, what about an appellant two days late? Five days late? Ten days late? It takes little sense to know we are going to have to draw the line somewhere or become bogged down in hearing and deciding motions to docket and dismiss. In this view the best thing to do is draw the line where we have drawn it  at thirty days  and stick with it.
It must also be remembered that an appellant such as Tandy has had, and taken full advantage of its right to a trial. The trial is the centerpiece of a litigant's right to an adjudication of its civil dispute. We accord a presumption of correctness to a final judgment in one of our trial courts. Clark v. State, 503 So.2d 277, 280 (Miss. 1987); Walker v. Jones County Community Hospital, 253 So.2d 385 (Miss. 1971). An appellant one day late approaches us with equities qualitatively and quantitatively less than, for example, a defendant at trial who files his answer one day late.
There is an analogy in our law in the case of statutes of limitations. Our courts throughout time have dismissed cases where the statute of limitations has run. See, e.g. Ind. Lumbermen's Mut. Ins. v. Curtis Mathes, 456 So.2d 750 (Miss. 1984); Bryan v. Bryan, 323 So.2d 84 (Miss. 1975); In re Estate of Stanback, 222 So.2d 660 (Miss. 1969); Erving's Hatcheries, Inc. v. Garrott, 250 Miss. 701, 168 So.2d 52 (1964). The thirty-day rule for perfecting an appeal is in the nature of a statute of limitations. Indeed, historically the predecessor of the rule was in the limitations section of the Mississippi Code. See Miss.Code § 753 (1942). There is no reason on principle why we should strictly enforce statutes of limitations and enforce our time limit for perfecting an appeal according by any other principle.[1]
The rules at issue here have been patterned after the Federal Rules of Appellate Procedure. We have said many times that the federal construction of rules we have adopted are "persuasive of what our construction of our similarly worded rule ought to be." See Smith v. H.C. Bailey Companies, 477 So.2d 224, 233 (Miss. 1985); Bourn v. Tomlinson Interest, Inc., 456 So.2d 747, 749 (Miss. 1984). In this context we think it important that the United States Court of Appeals for the Fifth Circuit adamantly sticks to the rule that the Court of Appeals cannot extend the time to take an appeal beyond the thirty days provided for filing a Notice of Appeal, as provided in Fed.R. of App.P. 26(b). The appellant must file a motion in the district court to receive an extension of time, but that motion must be filed no later than thirty days after expiration of the first thirty days; otherwise, the district court has no jurisdiction to entertain a motion for extension. See, e.g., Victor F. v. Pasadena Ind. Sch. Dist., 793 F.2d 633, 634 (5th Cir.1986); Pryor v. U.S. Postal Service, 769 F.2d 281, 285 (5th Cir.1985); Campbell v. Bowlin, 724 F.2d 484, 488 (5th Cir.1984); Curacao Drydock v. M/V Akritas, 710 F.2d 204, 206 (5th Cir.1983). See also Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178, 186 (1988).
In Hunt v. BP Exploration Co., the United States District Court for the Northern District of Texas entered judgment for BP and against Hunt for $40,000,000.00. See Hunt v. BP Exploration Co. (Libya) *312 Ltd., 580 F. Supp. 304 (N.D.Tex. 1984). On April 12, 1984, Hunt filed a notice of appeal. The notice was filed one day late. The Fifth Circuit dismissed the appeal on the ground that the notice was untimely filed.
The bottom line is a point made by Justice Hawkins, speaking for the Court. "A rule which is not enforced is no rule." Box v. State, 437 So.2d 19, 21 (Miss. 1983).
MOTION TO DOCKET AND DISMISS APPEAL GRANTED AND APPEAL DISMISSED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.
NOTES
[1] The thirty day rule is a rule of this Court and a statute of limitations. An enactment of the legislature suggests no difference in the two forms of rules of law other than identification and location of the authority to make changes. Only the legislature can change a statute of limitations, while only this Court can change the rule for the time limit for perfecting an appeal. Nothing in this difference imports any difference in the way we should interpret either rule once it has been officially and authoritatively and validly declared.