569 So.2d 687 (1990)
Fannie Mae DUNCAN
v.
Ray A. ST. ROMAIN, M.D.; Joseph Bingham Witty, M.D.; M.D. Anesthesia, Ltd.; William Preau, M.D.; and Allen Hobbs, CRNA.
No. 89-TS-1250.
Supreme Court of Mississippi.
October 17, 1990.
*688 Richard L. Weil, Guste Barnett & Shushan, New Orleans, for appellant.
Roy C. Williams, Byrant Colingo Williams & Clark, Pascagoula, James H. Heidelberg, Bryant Colingo Firm, Pascagoula, for appellees.
En Banc.
ROBERTSON, Justice, for the Court:

ON PETITION FOR RE-HEARING
This matter is before the Court on Fannie Mae Duncan's Petition for Re-hearing asking that this Court reconsider its ruling of April 18, 1990, dismissing as untimely her attempted appeal. Once again our fidelity to the rules governing perfection of an appeal is being tested, and once again, we enforce these simple rules as written. Duncan's Petition for Re-hearing must be denied.
Briefly, on September 15, 1989, the Circuit Court of Jackson County entered a final judgment dismissing Duncan's medical malpractice action. Duncan gave Notice of Appeal which was stamped filed on November 7, 1989, more than fifty-three (53) days after entry of final judgment. Duncan asserts, however, that the Notice of Appeal was sent by overnight delivery to the clerk of the lower court on October 26, 1989, and should have been received by that clerk on October 27, 1989. Little turns on this fact, if true, since October 27, 1989, too, was more than thirty (30) days after entry of final judgment.
Appellees Romain, et al. moved this Court to docket and dismiss Duncan's appeal on grounds her since Notice of Appeal was not timely filed. Given the unequivocal rule of law which requires that the notice of appeal, to vest this Court with jurisdiction, must be timely filed, a panel of this Court granted the motion and dismissed the appeal. See Miss.Sup.Ct.R. 2(a)(1), 3(a), 4(a); Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308, 310 (Miss. 1989); Moore v. Wax, 554 So.2d 312, 313 (Miss. 1989); see also Telford v. Aloway, 530 So.2d 179, 180-81 (Miss. 1988); Sweet v. Luster, 492 So.2d 983, 984 (Miss. 1986); Landrum v. Bailey, 475 So.2d 140, 141 (Miss. 1985); Clark v. City of Pascagoula, 473 So.2d 477, 478 (Miss. 1985).
Duncan asks re-hearing and, as before, asks that we carve out an exception to the "hard steadfast rule" set forth above. The circumstances urged upon us as justifying such an exception are that Duncan's counsel is a member of the Louisiana bar appearing in this case pro hac vice, without association of local counsel. In preparing for appeal, he mistakenly relied on Miss. Code Ann. § 11-51-5 (1990 Supp.) which sets the time period for appeal at forty-five (45) days. Counsel for Duncan would have this Court hold "that an out of state lawyer who, in good faith, relies on Section 11-51-5 of the Miss. Code Ann. 1972 would be allowed to proceed with an appeal where Notice of Appeal was filed within the stated 45 day period." This is an invitation we respectfully decline.
Since January 1, 1984, the time period for filing notice of appeal to this Court has been thirty (30) days. See Miss.Sup.Ct.R. 48 (effective January 1, 1984), announced in Moran v. Necaise, 437 So.2d 1222, 1225 (Miss. 1983), and Rule 4(a) (effective January 1, 1988). We doubt this fact would have gone unnoticed had local counsel been associated in this matter as required. See Miss.Sup.Ct.R. 46(b)(3), which provides:
No foreign attorney may appear pro hac vice before this Court or any court or administrative agency of this state unless the foreign attorney has associated in that cause an attorney who is a member *689 in good standing of the Mississippi State Bar (hereinafter called local counsel).
Moreover, counsel's application to the lower court for admission pro hac vice belies his present plea for an exception to our well-worn rule. Therein he averred "[t]hat he is familiar with the rules of the court and will abide by all rules of the court and all orders of the court." Unhappy as this result may be, the imperatives of principled consistency in the administration of justice command that we enforce the rule as written, and, as we have done in Tandy and Wax, deny Duncan's Petition for Re-hearing and order Duncan's appeal finally dismissed.
PETITION FOR RE-HEARING DENIED.
ROY NOBLE LEE, C.J., and PRATHER, SULLIVAN and ANDERSON, JJ., concur.
HAWKINS, P.J., dissents with separate written opinion joined by PITTMAN, J.
DAN M. LEE, P.J., dissents with separate written opinion joined by BLASS, J.
PITTMAN, J., dissents with separate written opinion joined by Dan M. LEE, P.J., and BLASS, J.
HAWKINS, Presiding Justice, dissenting:
I would grant the petition for rehearing, and hold Miss. Code Ann. § 11-51-5 (1972 & Supp. 1989) applies. This is consistent with the view expressed in the dissent in The City of Mound Bayou v. Johnson, 562 So.2d 1212, 1220 (Miss. 1990).
In enacting a rule governing the method of appeal to this Court, we have asserted an authority the Legislature could not give us even if it wanted to. Such authority under our Constitution is vested exclusively in the Legislature. Significantly, the Legislature has not attempted to give us this authority.
This is not entirely novel, however. In Hall v. State, 539 So.2d 1338 (Miss. 1989), we asserted the sole, exclusive authority to promulgate rules of practice and evidence, which the Legislature could not have given us, either, even if it wanted to. Miss. Const. Art. 4, Section 90(s).
PITTMAN, J., joins this opinion.
DAN M. LEE, Presiding Justice, dissenting:
This case presents a classic case of statute versus rule. In my opinion, based on the particular facts of this case, I would grant the petition for rehearing and hold that § 11-51-5 is applicable.
Section 11-51-5, entitled "Time for appeals to the supreme court." reads:
Appeals to the Supreme Court shall be taken within forty-five (45) days next after the rendition of the judgment or decree complained of, and not after, saving to persons under a disability of infancy or unsoundness of mind the like period after the disability shall have been removed. However, in cases where the appellant infant or person of unsound mind was a plaintiff or complainant, and in cases where such a person was a party defendant and there had been appointed for him or her a guardian ad litem, appeals to the Supreme Court shall be taken within two (2) years after the rendition of such judgment or decree, and not after.
This section shall only apply to all judgments or decrees rendered and filed for record after December 31, 1972.
The Cross References section of this statutes recites "For rule prescribing shorter period of time for filing notice of appeal than does this section, see Miss.Sup.Ct. Rule 48."
The current Supreme Court Rules became effective January 1, 1988. Under these current rules, Mississippi Supreme Court Rule 48 states "These Rules shall be known as the Mississippi Supreme Court Rules and may be cited as Miss.Sup.Ct.R."
Mississippi Supreme Court Rule 48 (Old Rule 48), adopted September 28, 1983, and effective until January 1, 1988, prescribed 30 days after the date of entry of the judgment as the time within which to perfect *690 an appeal. Obviously the Cross References section of the statute is incorrect, for effective January 1, 1988, Old Rule 48 became the current Mississippi Supreme Court Rule 4. Rule 4(a) in pertinent part states:
In a civil or criminal case in which an appeal or cross appeal is permitted by law as of right from a trial court to this Court the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.
We are left with a confusing situation; a statute, which ought to have been repealed, stating 45 days post judgment for appeal, with reference to an out of date Supreme Court rule which prescribes 30 days post judgment for appeal. The attorney in this case is from Louisiana, which we all recognize as a code state. Without associating local, Mississippi counsel, the attorney from Louisiana proceeded in reliance on § 11-51-5 and filed a notice of appeal within 45 days, but outside the 30 day limit as prescribed by our current Rule 4.
In light of this confusing situation, I would apply our current Mississippi Supreme Court Rule 2(c), suspend the operation of Rule 4 and allow the appeal. In so holding, I recognize that Rule 2(c) states that we "will not extend the time for taking an appeal as provided in Rules 4 or 5." However, given the conflict between statute and rule, I am of the opinion this is an exceptional case in which strict compliance with our Rule 4, in light of the confusion created by the statute, would result in manifest injustice. Therefore, I would hold that in this case, the statute should prevail and grant the petition.
BLASS, J., joins this dissent.
PITTMAN, Justice, dissenting:
I would grant the Petition for Rehearing and hold that Miss. Code Ann. § 11-51-5 (1972) and the Supplement of 1989 apply. Further, I would modify Rule 4 of the Supreme Court Rules so that said rule required an appeal within forty-five (45) days after the date of entry of the judgment order appealed from. The Supreme Court should, wherever convenient and possible to do so, conform its rules with the statutes of the State of Mississippi. It should be noted that Rule 3 and Rule 4 of the Supreme Court Rules acknowledge that appeals are permitted by law. It takes no stretch to acknowledge that if an appeal is allowed by law, the timeliness of such an appeal might be stated by law.
Wherever possible, this Court should conform its rules with the existing statute, especially where no harm is done and where the good accomplished is simply to eliminate conflicts. I acknowledge that it is commendable to have rules that coincide with federal rules and that it is convenient for the lawyers using our courts, but it is much more important that our rules coincide with state statute. Indeed, one could question why the Court found it necessary or desirable to require an appeal within thirty (30) days in the face of a perfectly good statute which allowed forty-five days time within which to appeal. Our difference from the forty-five days allowed by statute serves absolutely no purpose when one considers that it takes anywhere from twenty-four (24) to thirty-six (36) months for this Court to decide a case. This legally unimportant confrontation, not with the legislature but the statute, serves no purpose but possibly our own sense of power or vanity and while the conflict is without purpose, it is a conflict that may cause harm to the litigants and lawyers before our Court. We should conform not only this rule to the statute, but other rules where that is possible without diminution of effectiveness or efficiency.
To adopt an attitude of conformity is not to surrender our rule-making authority or power, but it is to recognize that however desirable unified rules might be, it is more desirable to have unified rules unified with the statute.
DAN M. LEE, P.J., and BLASS, J., concur.