PRATHER, Presiding Justice,
for the Court:
On November 28,1990, the Appellant, Wilbur Wheat, was convicted of driving while intoxicated (DUI), First Offense, in the Municipal Court of Picayune, Mississippi. From this conviction, Wheat filed his Notice of *142 Appeal to the Circuit Court of Pearl River County. However, he did so after the time allowed for such filing under Rule 7.03 of the Uniform Criminal Rules of Circuit Court Practice and Miss.Code Ann. § 99-35-1. As a result, the circuit court dismissed his appeal with a Writ of Procedendo on August 23, 1991. From this dismissal, Wheat now brings his appeal to this Court assigning as error the following:
IT WAS ERROR FOR THE COURT TO DISMISS THE APPELLANT’S APPEAL TO THE CIRCUIT COURT OF PEARL RIVER COUNTY AS THERE WAS NO PREJUDICE TO THE STATE OF MISSISSIPPI OR ANY OTHER PARTY BY THE DELAY IN THE FILING OF THE NOTICE OF APPEAL AND THE APPEAL BOND.
On appeal, Wheat readily admits that his Notice of Appeal to the Circuit Court and Appeal Bond were not filed on time. However, he asserts that his appeal should not have been dismissed. His reasoning for this contention is that he claims “no prejudice resulted to any party as the case was on the docket of the Circuit Court of Pearl River County for more than two months when it was dismissed.” However, there is no dispute at all, as Wheat freely admits, that both the Notice of Appeal and Appeal Bond were not filed until January 8, 1991. This was one day after the running of the 40-day time limit (41 days after the entry of judgment against Wheat).
Two rules of law are especially relevant to the situation presented in the case at bar. These are Rule 7.03 of the Uniform Criminal Rules of Circuit Court Practice and the rule set forth in Miss.Code Ann. § 99-35-1 (Supp. 1993). Rule 7.03 states in pertinent part:
(1) Notice and Filing. Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court having jurisdiction, then to circuit court by filing written notice of appeal within JO days of such judgment with the clerk of the circuit court having jurisdiction.
Unif.Crim.R.Cir.Ct.Prac. 7.03 (emphasis added).
Section 99-35-1 of the Mississippi Code provides:
In all eases of conviction of a criminal offense against the laws of the state by the judgment of a justice court, or by a municipal court, for the violation of an ordinance thereof, an appeal may be taken within forty (⅛0) days from the date of such judgment of conviction to the county court of the county, in counties in which a county court is in existence, or the circuit court of the county, in counties in which a county court is not in existence, which shall stay the judgment appealed from.
Miss.Code Ann. § 99-35-1 (Supp.1993). (emphasis added).
Allowing any deviation on timeliness presents a serious problem. If this Court allows this appeal to be filed one day late, what does the Court do about an appeal filed two days, or three days late? When will late be too late and where should the line be drawn? The law provided Wheat forty (40) days in which to file his notice of appeal to the circuit court. He filed on the forty-first (41st) day, therefore, he filed late, albeit only one day. Again, the question arises, “When is late TOO LATE?” This Court follows the rules set forth in Rule 7.03 of the Uniform Criminal Rules of Circuit Court Practice and Miss. Code Ann. § 99-35-1 and holds that to appeal from a municipal court to the circuit court in a criminal case, the appeal must be brought within forty (40) days of the entry of judgment against the defendant. “A rule which is not enforced is no rule.” Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308, 312 (Miss.1989) (quoting Box v. State, 437 So.2d 19, 21 (Miss.1983)).
ORDER OF DISMISSAL WITH WRIT OF PROCEDENDO AFFIRMED.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.