# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-00808-SCT

*PREPAID LEGAL SERVICES, INC., HARLAND C. STONECIPHER, BROOKS WERKHEISER, DYRE LAW FIRM, PLLC AND ARNOLD D. DYRE*

*v.*

*MALCOM TAYLOR, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/8/2003 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RICHARD L. JONES |
| | ROBERT L. GIBBS |
| | ANDREA LA'VERNE FORD EDNEY |
| | TESELYN AFRIQUE FUNCHES |
| | BRIAN CRAIG KIMBALL |
| | JOHN B. CLARK |
| | SIMINE B. REED |
| ATTORNEYS FOR APPELLEES: | J. BRAD PIGOTT |
| | J. DOUGLAS MINOR, JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 12/09/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     Malcolm Taylor and 26 other plaintiffs[1] [collectively "Taylor"] sued Pre-Paid Legal Services, Inc., Harlan C. Stonecipher, Brooks Werkheiser, Dyre Law Firm, PLLC, and Arnold D. Dyre in the Claiborne County Circuit Court on April 9, 2002.  The complaint sought redress for alleged misconduct including, but not limited to, deceptive trade practices, conspiracy, fraud and negligence.  Taylor also sought a declaratory judgment stating that they were under no contractual obligation to submit any of the claims against any of the defendants to arbitration.

¶2.     On July 22, 2002, Taylor filed a motion for partial summary judgment as to absence of any applicable arbitration clause ["Taylor's Motion"].

¶3.     On August 14, 2002, the trial court conducted a hearing on Taylor's Motion.  This hearing consisted entirely of arguments of counsel, with no evidence introduced.  At the close of the hearing, the trial judge took the issue under advisement.

¶4.     On September 26, 2002, the trial court signed a memorandum opinion and order granting plaintiff's motion for partial summary judgment ["Opinion and Order"].  The trial court also issued a judgment by which the court made it clear that the ruling on Taylor's Motion was final.  The defendants' counsel were not served with a copy of either the Opinion and Order or

---

[1]Loistean Barron, Debadee Brown, Louise Brown, Mary Brown, Patricia Clark, Catherine Coleman, Florence Crystian, Angela Daniels, Henry Dorsey, Emma Doss, Carol Douglas, Laverne Easterling, Edward Goodwin, Roosevelt Hill, Patricia Ann Jones, Donna McGloster, Dereneice Marbley, Lonnie O'Quinn, Josie Scott, Thurman Speed, Kimberly Thompson, Arthur Lee Turner, Michael Williams, Joann Williams, Jeanette Wilson, and Johnny Young, Jr.

the judgment immediately upon entry, as required by Mississippi Rule of Civil Procedure 77(d).

¶5.    The first notice to the Dyre defendants that this Opinion and Order and judgment had been entered was on November 12, 2002, when they received a copy of a motion to supplement, which counsel for Taylor in this action had filed in the case of ***Boddie, et al. v. Pre-Paid Legal Servs., Inc., et al.***, No. 2002-64, in the Circuit Court of Bolivar County.

¶6.    Pursuant to Mississippi Rule of Appellate Procedure 4(h), Pre-Paid Legal Services, Inc. and Werkheiser [collectively "Pre-Paid"] moved to reopen the time for filing a notice of appeal.  Attached to Pre-Paid's motion was an affidavit of a legal secretary, Kimberly Knox, who was responsible for receiving and internally filing all correspondence, pleadings and all other documentation related to this litigation.  In her affidavit, Knox stated under oath that she had no recollection of receiving the Opinion and Order and judgment before November 8, 2002, and that after searching the file, the pleadings index and the daily reports of mail received, she discovered that no notice of either the Opinion and Order or Judgment had been received prior to November 8, 2002.

¶7.    The Dyre Law Firm and Arnold D. Dyre [collectively "Dyre"] joined Pre-Paid's motion and likewise submitted an affidavit of a legal assistant, Alenda Carmichael, the individual responsible for receiving and filing all documents related to this action.  Carmichael's affidavit stated under oath that Dyre's counsel, like Pre-Paid's counsel, never received timely notice of the Opinion and Order or judgment.

¶8. On March 17, 2003, the trial court conducted a hearing on Pre-Paid's motion, in which Dyre joined, to reopen time for filing appeal. After conducting the hearing, the trial court denied the motion, and the present appeal followed. Pre-Paid and Dyre raise the following issue on appeal:

> I. Whether the trial court committed reversible error and violated Mississippi Rule of Appellate Procedure 4(h) by refusing to reopen the time for filing a notice of appeal when presented with affidavits from defendants' counsel demonstrating that they did not receive timely notice of entry of the order and judgment from which they sought to appeal.

**DISCUSSION**

¶9. This Court's recent decision in *Pre-Paid Legal Servs., Inc. v. Anderson*, 873 So. 2d 1008 (Miss. 2004), controls the disposition of the issue raised in the case sub judice because the issue is virtually identical. In *Anderson*, this Court stated that, "[b]ecause defendants provided a specific factual denial of the receipt of the notice, the presumption of the receipt of notice was rebutted and destroyed. Therefore, the trial judge abused her discretion in relying on this presumption in denying defendants' Rule 4(h) motion." *Id.* at 1010. Consequently, this Court reversed the trial court's ruling and remanded the case back to the trial court with instructions to reopen the time for appeal. *Id.*

¶10. In the case sub judice, Pre-Paid and Dyre provided a specific factual denial of the receipt of notice, thereby rebutting and destroying the presumption of notice. Additionally, Taylor did not offer proof via affidavits or otherwise from the Circuit Clerk's office showing

4

that notice was in fact sent and/or received. Thus, the circuit court abused its discretion in denying the motion to reopen the time for appeal.

## CONCLUSION

¶11. Following our recent decision in *Anderson*, we reverse the order of the Claiborne County Circuit Court which denied the motion to reopen the time for appeal, and we remand this case to the trial court to reopen the time for filing a notice of appeal as provided in M.R.A.P. 4(h).

¶12. **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING**.