984 So.2d 290 (2007)
Velma PAYNE as Personal Representative of Matthew Smith, Deceased, and on Behalf of the Wrongful Death Beneficiaries of Matthew Smith, Deceased, Appellant
v.
MAGNOLIA HEALTHCARE, INC. d/b/a Arnold Avenue Nursing Home, Foundation Health Services, Inc. and Diane Oltremari, Appellees.
No. 2005-CA-01586-COA.
Court of Appeals of Mississippi.
September 4, 2007.
Rehearing Denied December 11, 2007.
*291 Charles E. Gibson, Jackson, Charles J. Swayze, Greenwood, attorneys for appellant.
Patricia Fleming Kennedy, Christopher Thomas Graham, Michael A. Heilman, Jackson, attorneys for appellees.
Before MYERS, P.J., BARNES and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. The Washington County Circuit Court granted a nursing home facility's motion for summary judgment in an action alleging wrongful death. The plaintiff argues there was proper standing to maintain the action, and that the circuit court erred in granting summary judgment. We dismiss for lack of jurisdiction.

FACTS
¶ 2. Matthew Smith was in the care of Arnold Avenue Nursing Home when he passed from this life on August 2, 2000. Magnolia Healthcare, Inc., which owned and operated the nursing home, and other parties made defendants in this action are collectively referred to in this appeal as Magnolia. On July 3, 2003, Velma Payne[1] became the administrator of Smith's estate. Payne is Smith's sister. On April 25, 2002, well before Payne became the administrator of the estate, a wrongful death claim was filed against Magnolia naming Payne as the plaintiff. Magnolia discovered that Smith was survived by a daughter, Rhonda Smith.
¶ 3. In June 2004, Magnolia filed a motion for summary judgment. Magnolia argued that Smith's surviving child, Rhonda, was the proper party to maintain an action for wrongful death, and that Payne was without standing to bring the action. At the summary judgment hearing, counsel for Payne had still not contacted Rhonda concerning the action, but suggested that the court substitute Rhonda as the proper party. On September 28, 2004, the circuit court granted Magnolia's motion for summary judgment. Payne timely filed a motion for reconsideration and a supplemental motion for reconsideration, requesting that the circuit court reconsider the order granting Magnolia summary judgment.
¶ 4. On March 11, 2005, the circuit court denied Payne's motion to reconsider. Payne's counsel argues that no notice was received of the March 11 order. Being uninformed, on May 16, 2005, Payne filed to add and join Rhonda as a real party in interest. Magnolia responded to Payne's motion to add and join Rhonda. Magnolia did not mention the March 11 order, reflecting that neither Payne nor Magnolia had knowledge of the March 11 order.
¶ 5. On June 9, 2005, in response to the May 16 motion to add and join Rhonda, the circuit court entered two orders. The first order denied the motion to add and join Rhonda as a party. The second order denied Payne's motion for reconsideration of the summary judgment granted to Magnolia. Payne appeals the denial of the motion to reconsider and the motion to add and join Rhonda to the action. The appeal has been assigned to this Court.

DISCUSSION
1. Jurisdiction
¶ 6. The first issue we must address is whether this Court has jurisdiction to hear the appeal. Magnolia argues that the appeal *292 should be dismissed because Payne filed the notice of appeal beyond thirty days from the entry of the March 11 order.
¶ 7. Payne argues that her notice of appeal from the June 9, 2005 orders was timely filed. She states that counsel had no notice of the March 11 order until receiving Magnolia's appellate brief on January 26, 2007.[2] Payne argues that any defect in appealing the March 11 order is due to failure of the circuit clerk to comply with the entry and notice requirements of Mississippi Rule of Civil Procedure 77(d). In support of her argument, Payne cites case law reversing a trial court's denial of a party's motion to reopen the time to file an appeal under Mississippi Rule of Appellate Procedure 4(h). See Prepaid Legal Servs., Inc. v. Taylor, 904 So.2d 1059 (Miss.2004); Pre-Paid Legal Servs., Inc. v. Anderson, 873 So.2d 1008 (Miss.2004).
¶ 8. Mississippi appellate courts are without jurisdiction where a notice of appeal is not timely filed. Rice v. Perma Corp., 908 So.2d 875, 878-79(12) (Miss.Ct. App.2005) (citations omitted). Mississippi Rule of Appellate Procedure 4(a) requires that a party file a notice of appeal within thirty days following entry of the judgment from which the appeal is taken. The thirty day time limit runs from the entry of judgment disposing of timely filed post-trial motions. The time to file a notice of appeal "starts running from the entry of judgment into the clerk's records, and it is notice of the entry of judgment that must be given to the party." Anderson, 873 So.2d at 1010(¶ 8). Rule 4(h) provides:
(h) Reopening Time for Appeal. The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
M.R.A.P. 4(h).
¶ 9. In Anderson, the defendants filed a motion to reopen the time to file an appeal pursuant to Rule 4(h). Anderson, 873 So.2d at 1009 (¶¶ 2-7). They claimed no notice was received of a partial summary judgment. Id. Two members of the office staff responsible for handling such records submitted affidavits attesting that the order was never received. Id. The supreme court reversed the denial of the motion for additional time to appeal stating, "because defendants provided a specific factual denial of the receipt of the notice, the presumption of the receipt of notice was rebutted and destroyed. Therefore, the trial judge abused her discretion in relying on this presumption in denying defendants' Rule 4(h) motion." Id. at 1010(¶ 9).
¶ 10. In Taylor, notice of the trial court granting partial summary judgment to the plaintiff was not received until forty-seven days after the order was signed. Taylor, 904 So.2d at 1060 (¶¶ 4-8). Defense counsel then filed a motion to reopen the time to file notice of appeal pursuant to M.R.A.P. 4(h). Id. Of importance was that the defendants submitted affidavits of the office staff responsible for the receipt and filing of case documents attesting that the order was never received or filed. Id. The supreme court followed the earlier holding of Anderson and reversed the denial of *293 reopening the time to file a notice of appeal. Id. at 1061 (¶¶ 9-10).
¶ 11. Payne's reliance on Taylor and Anderson is misplaced. Both Taylor and Anderson address a situation where Rule 4(h) was applicable, and a motion to reopen the time for filing a notice of appeal was filed pursuant to Rule 4(h). In the instant case, Payne filed a motion to add a party and an untimely notice of appeal, not a Rule 4(h) motion for reopening. The trial court entered orders denying Payne's motion to add a party and Payne's motion for reconsideration, not an order granting or denying a motion to reopen the time for appeal under Rule 4(h). The comment to Rule 4 instructs:
Reopening may be ordered only upon motion filed within 180 days of the entry of a judgment or order or within seven days of receipt of notice of such entry, whichever is earlier. This provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment or order to seek additional time to appeal. . . .
(emphasis added). To this end, Payne admits in her appellate brief that the 180 day period found in Rule 4(h) had expired before she received any notice of the March 11 order and that no motion to reopen was filed in the trial court. Taylor and Anderson are, therefore, inapplicable to the present situation.
¶ 12. Both parties concede that Payne filed a timely motion for reconsideration of the circuit court's order granting Magnolia summary judgment. The entry of the March 11 order denying Payne's motion to reconsider was stamped "Received & Filed" on March 11, signed by a person in the clerk's office, and an entry was made on the docket reflecting the order as filed on March 11. The docket does not reflect that a copy of the March 11 order was sent to counsel. Payne filed a motion to add and join Rhonda as a party in interest two months after the March 11 order; Magnolia responded to the motion. Neither motion made mention of the previous March 11 order, and neither party brought to the attention of the circuit court the status of the case. On June 9, the circuit court issued orders again denying Payne's motion to reconsider, and denying Payne's motion to add a party, neither of which mentions the previous March 11 order.
¶ 13. We find that the March 11 order was valid when filed. The subsequent May 16 motion to add and join Rhonda and the circuit court's June 9 orders were without effect because the dismissal of the action became final two months before. The orders of the circuit court made on June 9 did not void the March 11 order. Thus, the parties and the circuit court, being unaware of the previous March 11 order, entertained a matter that had previously come to a close. The March 11 order was not appealed within thirty days of its entry and the notice of appeal is, therefore, untimely. M.R.A.P 4(a).
¶ 14. Although Payne's notice of appeal was untimely filed, we have considered her argument that justice requires this Court to allow this appeal to proceed notwithstanding its untimeliness. She argues that the 180 day window described in Rule 4(h) expired through no fault of her own. Essentially, Payne urges this Court to constructively fashion a Rule 4(h) reopening from the proceedings below. We have considered whether, in the interests of fairness, this Court has the authority to do so, and we have found no such authority.
¶ 15. We acknowledge that the circuit clerk failed to notify the parties of the March 11 order as required by M.R.C.P. 77(d). In this regard, we sympathetically receive Payne's plea. However, our rules of procedure prove to be very unforgiving *294 of a party who fails to timely file a notice of appeal, notwithstanding the clerk's failure to give notice.
¶ 16. "The time limits for perfecting an appeal are strictly enforced, and filing the notice even one day late requires dismissal of the action." Redmond v. Miss. Dep't of Corr., 910 So.2d 1211, 1212(4) (Miss.Ct.App.2005) (citing Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308, 310-11 (Miss.1989)). Rule 77(d) provides that "[l]ack of notice of the entry by the clerk does not affect the time to appeal, nor relieve, nor authorize the court to relieve, a party for failure to appeal within the time allowed, except as permitted by the Mississippi Rules of Appellate Procedure." It is mandatory that an appeal untimely filed pursuant to Rules 4 or 5 be dismissed. M.R.A.P. 2(a)(1). While our appellate rules allow the trial court to extend the time for filing a notice of appeal under Rule 4(g), and to reopen the time for appeal under Rule 4(h), this Court is not so authorized. See Redmond, 910 So.2d at 1212(4); Pinkston v. Mississippi DOT, 757 So.2d 1071, 1073-74(5-9) (Miss. Ct.App.2000); Franklin v. State, 853 So.2d 158, 159(7) (Miss.Ct.App.2003). Moreover, Rule 2(c) expressly prohibits this Court from relaxing our procedural rules in this case.[3] Rule 2(c) provides:
(c) Suspension of rules. In the interest of expediting decision, or for other good cause shown, the Supreme Court or the Court of Appeals may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, in civil cases the time for taking an appeal as provided in Rules 4 or 5 may not be extended.

M.R.A.P. 2(c) (emphasis added). This restriction is echoed in Rule 26(b), which reads as follows:
(B) Enlargement [of time]. The Supreme Court or the Court of Appeals for good cause shown may, upon motion, enlarge the time prescribed by the rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the Supreme Court will not enlarge the time for filing notice of appeal or a petition for permission to appeal.
M.R.A.P. 26(b) (emphasis added).
¶ 17. The facts of the present case present a difficult situation which forces this Court to place upon either the trial judge or plaintiff's counsel the burden of ensuring that counsel was aware of the March 11 order. We are mindful that the dismissal of Payne's case is in large part due to the circuit clerk's shortcomings, yet we decline to place an additional burden upon the trial court to discover and notify a party of a previous order in an action where the clerk fails to notify the parties. After much consideration, we find no authority within our rules of procedure to excuse Payne for her untimely filing. Therefore, this Court is without jurisdiction to hear the instant appeal.
¶ 18. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] The parties refer to Payne as both Velma Payne and Vivian Payne.
[2] Payne's reply brief states, "a sworn affidavit of each of Plaintiff's attorneys is herein submitted certifying that the March 11 Order was neither received by their offices nor by them individually."
[3] Our reviewing courts have suspended the rules on occasion to allow a criminal defendant to file an out-of-time appeal. See e.g., Deloach v. State, 890 So.2d 852, 854(11) (Miss.2004); Coleman v. State, 804 So.2d 1032 (Miss.2002).