# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01708-COA

**VIOLA BOLTON**                                         **APPELLANT**

**v.**

**ILLINOIS CENTRAL RAILROAD COMPANY**                  **APPELLEES**
**AND CLIFF BISHOP**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/05/2015 |
| TRIAL JUDGE: | C.E. MORGAN III |
| COURT FROM WHICH APPEALED: | ATTALA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BRUCE L. BARKER |
| | LARRY STAMPS |
| ATTORNEYS FOR APPELLEES: | ROMNEY H. ENTREKIN |
| | P. GRAYSON LACEY JR. |
| | BENJAMIN B. MORGAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | DISMISSED APPELLANT'S CLAIM FOR FAILURE TO TIMELY SERVE APPELLEES |
| DISPOSITION: | APPEAL DISMISSED - 05/02/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. The Circuit Court of Attala County dismissed Viola Bolton's claims against Illinois Central Railroad Company ("ICRC") and Cliff Bishop for untimely service of process. Bolton appeals the circuit court's dismissal. Bolton failed to timely appeal within the constraints of Mississippi Rule of Appellate Procedure 4; therefore, we find that her appeal is procedurally barred, thus divesting this Court of jurisdiction. Because our finding is dispositive, we decline to delve into the merits of the underlying dismissal. Therefore, we

dismiss with prejudice.

**FACTS AND PROCEDURAL HISTORY**

¶2. On July 6, 2011, Bolton attempted to traverse a railroad crossing when she was struck by a train owned by ICRC and operated by Bishop, an employee of ICRC. Bolton waited to file her claims against ICRC and Bishop until July 3, 2014—three days before the three-year statute of limitations expired. Under Mississippi Rule of Civil Procedure 4(h), Bolton was required to serve the defendants before October 31, 2014, when her 120-day deadline under the rule would expire. It is undisputed that Bolton failed to issue summonses or serve either defendant prior to the October 31, 2014 deadline.

¶3. On November 3, 2014, Bolton filed a motion for additional time to complete service of process, and on November 4, 2014, the circuit court entered an order granting Bolton an additional ninety days to complete service. Under the order, Bolton's new deadline for service of process upon the defendants was February 1, 2015. It is again undisputed that Bolton failed to have summonses issued or serve either defendant prior to February 1, 2015.

¶4. On February 2, 2015, Bolton filed a second motion for additional time to complete service of process, and on February 6, 2015, the circuit court entered an order granting Bolton a second ninety-day extension. Under her second extension, Bolton's new deadline for service of process upon the defendants was May 7, 2015.

¶5. On April 24, 2015, some 295 days after she filed her lawsuit, Bolton had summonses issued for both defendants. On April 30, 2015, Bolton served Bishop within her second-ninety-day-extension deadline. On May 22, 2015, Bishop filed a motion to dismiss based on

2

ineffective service of process, and Bolton responded on June 4, 2015.

¶6.    However, on May 30, 2015, Bolton served ICRC twenty-three days after her second-ninety-day-extension deadline.  On June 11, 2015, ICRC similarly filed a motion to dismiss based on ineffective service of process, to which Bolton responded on June 24, 2015.

¶7.    The circuit court entered its order granting both defendants' motions to dismiss on October 7, 2015.  The circuit court found that Bolton failed to show good cause for the substantial delay in service of process.  Under Rule 4, Bolton was required to file her notice of appeal with the Attala County Circuit Clerk by November 6, 2015.  M.R.A.P. 4.  However, Bolton did not file her notice of appeal until November 13, 2015—seven days after the thirty-day period allowed under the Rule.

**DISCUSSION**

¶8.    Mississippi Rule of Appellate Procedure 4(a) states that the required notice of appeal "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from."  Rule 4 "uses the word 'filed' rather than 'served' and thus means that the notice must actually be received in the office of the trial court clerk within the thirty-day time frame."  *Tandy Elecs. Inc. v. Fletcher*, 554 So. 2d 308, 309 (Miss. 1989).  "An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to [Rule 4] . . . ."  M.R.A.P. 2(a)(1).  There are perceived "no circumstances involving potential appellants from adverse judgments in civil actions which would compel a unique or flexible treatment [of the appellate rules]."  *Tandy*, 554 So. 2d at 310.

¶9.    The only exception to Rule 4 that this Court recognizes is the "prison[-]mailbox rule."

3

This rule allows a pro se petitioner to effectively file his notice of appeal when he delivers the notice to the proper prison authorities for mailing. *Minchew v. State*, 967 So. 2d 1244, 1246-47 (¶4) (Miss. Ct. App. 2007). Since Bolton is not a pro se prisoner in this case, the prison-mailbox rule does not apply.

¶10. Bolton failed to timely file her appeal with the trial-court clerk as required by the Rules of Appellate Procedure. However, she argues that while she agrees she mailed the notice of appeal on November 5, 2015, she disagrees that it was mailed one day before her filing deadline expired. Bolton argues that, in accordance with Mississippi Rule of Appellate Procedure 25(c), she should have been granted three additional days to file the appeal since she filed by mail. Bolton's reliance on Rule 25(c), however, is misplaced. Rule 25(c) does not provide for an additional three days to file an appeal when mailed. Indeed, Rule 25(c) specifically applies to the manner of service—not the filing of a notice of appeal.

¶11. The proposition Bolton relies on is actually found in Mississippi Rule of Appellate Procedure 26(c). Rule 26(c) provides for additional time after service by mail. The rule states, "Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon that party and the paper is served by mail, three (3) days shall be added to that prescribed period." M.R.A.P. 26(c). We find, however, that Rule 26(c) does not apply in this case, because it applies only to deadlines based on "service of a paper." Hypothetically, even if we were to find that Rule 26(c) applies, and that Bolton was entitled to three extra days, her new filing deadline would be November 9, 2015. Yet the circuit clerk still did not receive Bolton's notice of appeal until November 13, 2015—four days after the

more generous, hypothetical deadline. By waiting to mail her notice of appeal until the day before her actual deadline expired, she ensured that her notice would not be filed within either deadline.

¶12. Because Bolton was filing a notice of appeal, she was bound by the requirements of Rule 4(a). Rule 26(c) applies to "papers" filed after the notice of appeal, or said differently, Rule 26(c) simply applies to all *other* papers filed. *See* M.R.A.P. 26(c). As addressed previously, Rule 4 does not provide any additional time for filing by mail. Thus, we make clear, a party is only allowed thirty days to file a notice of appeal—absent the application of the "prison[-]mailbox rule." We decline to apply the extension under Rule 26(c) to notices governed by Rule 4(a).

¶13. Lastly, Bolton argues that this Court is not bound by a rigid interpretation of the rules requiring us to dismiss her claim as untimely. She argues that the Mississippi Supreme Court has held that "unanticipated and uncontrollable delays in the mail" could be grounds for forgiving untimeliness. *In re Estate of Ware*, 573 So. 2d 773, 775 (Miss. 1990). While we follow the precedent of the supreme court, Bolton again has misplaced her reliance. The supreme court found this exception to apply when a party is required to show "excusable neglect" for failing to file a motion within thirty days for an extension of time to appeal. This exception does not apply to this case because Bolton never filed a motion requesting extra time to file her notice of appeal. Further, we do not agree that waiting until either the night before, or three nights before, the filing deadline is an unanticipated or uncontrollable delay in the mail. At best, it is a gamble at the expense of the client. At worst, it is a procedural

5

bar on the client's last claim for relief.

¶14.  Bolton failed to file her appeal within the time restrictions delineated in Rule 4. Because we find that no exception to the rule applies, we find Bolton's appeal to be procedurally barred.  Therefore, we dismiss with prejudice.

¶15.  **THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**