# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CT-00114-SCT

*MISSISSIPPI EMPLOYMENT SECURITY
COMMISSION*

*v.*

*ALBERTA PARKER*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:              12/06/2002
TRIAL JUDGE:                   HON. R. I. PRICHARD, III
COURT FROM WHICH APPEALED:     PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        B. RAY THERRELL
ATTORNEY FOR APPELLEE:         PRO SE
NATURE OF THE CASE:            CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                   REVERSED AND RENDERED - 01/27/2005
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     Alberta Parker filed a claim for unemployment compensation benefits.     At the conclusion of his investigation, the claims examiner disqualified Parker for misconduct. Parker appealed to the Board of Review, which dismissed the appeal as untimely.  Parker then appealed to the Circuit Court of Pearl River County, which reversed the decision of the Board of Review.  The Mississippi Employment Security Commission (MESC) appealed the decision of the circuit court.  The Court of Appeals affirmed the circuit court by a 5-5 split decision. ***Miss. Employment Sec. Comm'n v. Parker***, 2004 WL 771485 (Miss. Ct. App. 2004).

Unhappy with the decision of the Court of Appeals, the Mississippi Employment Security Commission filed its petition to this Court for a writ of certiorari. We granted the writ and now reverse and render.

**FACTS**

¶2.    A proper evaluation of the case requires a brief review of the facts, which we borrow from the plurality opinion rendered by the Court of Appeals:

> Alberta Parker was employed as a dietary supervisor at Crosby Memorial Hospital in Picayune, Mississippi. In January 2002, Healthcare Services Group, Inc. ("HSG") took over operations of the hospital's dietary department. Parker, along with all other employees, was placed on a ninety day probationary period during which time she would be evaluated. Her employment ended on April 12, 2002, when she was discharged for unsatisfactory job performance. Four days later, Parker filed for unemployment benefits, but was disqualified by the claims examiner for misconduct. Further the claims examiner stated in his June 2, 2002 "Notice of Non-monetary Decision," that Parker was terminated for failure to perform her duties satisfactorily, and that the final straw, serving a patient meatballs over rice instead of over spaghetti, constituted misconduct and disqualified her from benefits.

> Parker filed a notice of appeal and a hearing was held before an appeals referee on June 26, 2002. At the conclusion of the hearing, the referee found that Parker had been discharged for misconduct, but did not employ the same "meatballs over rice" standard of misconduct. The referee found Parker was terminated for misconduct due to unsatisfactory job performance and her "willful behavior which violated a standard of behavior that the employer has a right to expect." According to Denise Calhoun, director of food services, whose testimony the referee accepted as substantial evidence upon which she based her decision to deny benefits, Parker created a hostile work environment by speaking poorly of HSG to other employees, by failing to lock the kitchen door, by failing to clean up the facilities and by feeding a patient on January 18, 2002, who was under orders not to be fed. The referee's decision was mailed to Parker on July 1, 2002.

> On July 16, 2002, Parker appealed the decision of the referee to the Board of Review of the Mississippi Employment Security Commission. The Board of Review held that the appeal filed by Parker was not filed timely and was, therefore, dismissed. Parker appealed to the Circuit Court of Pearl River

County. On December 6, 2002, the circuit judge reversed the decision of the Board of Review and found that pursuant to Rule 6 of the Mississippi Rules of Civil Procedure and Mississippi Code Annotated section 13-3-83, Parker was entitled to an additional three days in which to appeal her decision to the Board of Review, meeting the appeal deadline. Additionally, the circuit court held that there was no "substantial, clear and convincing evidence" to support disqualification for misconduct.

*Parker*, 2004 WL 771485, *1 (¶¶ 2-4).

¶3.    The case is now before us for final disposition with two assignments of error:

I. Whether the Circuit Court of Pearl River County erred by applying Rule 6 of the Mississippi Rules of Civil Procedure and Miss. Code Ann. § 13-3-83 (1972), extending the administrative appeal deadline of the Claimant, Alberta Parker and

II. Whether the decision rendered by the Court of Appeals of the State of Mississippi on April 13, 2004 is contrary to the Employment Security Laws of the State of Mississippi.

¶4.    MESC contends that Parker failed to timely file her notice of appeal to the Board of Review.  As authority, MESC cites Miss. Code Ann. § 71-5-519 (Rev. 2000), which provides:

Unless such appeal is withdrawn, an appeal tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm, modify or reverse the findings of fact and initial determination or amended initial determination.  The parties shall be duly notified of such tribunal's decision, together with its reasons therefore, which shall be deemed to be the final decision of the board of review unless, **within fourteen (14) days after the date of notification or mailing** of such decision, further appeal is initiated pursuant to Section 71-5-523.

(emphasis added).  Thus, under the statute, Parker had 14 days from the mailing of the decision to file her notice of appeal to the Board of Review.  In that regard, this Court has held:

Unless the notification of the decision is made by means other than mailing, the fourteen-day time period to appeal to the Board of Review begins to run on the date that notice is mailed to the parties. *Wilkerson v. Miss. Employment Sec. Comm'n*, 630 So.2d 1000, 1002 (Miss. 1994).  That is, where notice of the referee's decision is sent by mail, the fourteen-day time period begins to run on

3

the date that notice is mailed. Furthermore, while holding that an appeal filed one day late was untimely, this Court stated that the fourteen day time period as set by statute is to be strictly construed. ***Id.***

***Miss. Employment Sec. Comm'n v. Marion County Sheriff's Dep't***, 865 So. 2d 1153, 1156 (Miss. 2004).

¶5. The circuit court applied Rule 6(e) of the Miss. Rules of Civil Procedure which provides:

> **Additional Time After Service by Mail**. Whenever a party has the right or is required to so some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, *three days shall be added* to the prescribed period. This subdivision does not apply to responses to service of summons under Rule 4.

(emphasis added).

¶6. MESC cites ***Molden v. Miss. State Dep't of Health***, 730 So. 2d 29 (Miss. 1998), in support of its argument that the Mississippi Rules of Civil Procedure are inapplicable to administrative procedures and appeals. In ***Molden***, this Court held:

> In ***State Oil & Gas Board v. McGowan***, this Court state that '[t]he general rule . . . is that rules of civil procedure do not apply to administrative proceedings unless the rules specifically so provide." ***State Oil & Gas Bd. V. McGowan***, 542 So. 2d 244, 247 (Miss. 1989). The ***McGowan*** Court stated:
>
>> There appears to be no authority for transplanting the Mississippi Rules of Civil Procedure into administrative proceedings. The scope of the rules, found in Rule 1, M.R.C.P., govern procedures in the circuit courts, chancery courts, and county courts in all suits of a civil nature. Administrative hearings are not included within their purview as the State Oil & Gas Board is not a circuit, chancery or county court.
>
> ***McGowan***, 542 So. 2d at 247. Likewise, the State Department of Health is not a circuit, chancery, or county court, and thus, the Mississippi Rules of Civil

Procedure, including the rules of discovery, were not applicable to the administrative hearing before the hearing officer. ***Id.***

***Molden***, 730 So. 2d at 40.

¶7.     This Court finds that the Mississippi Employment Security Commission is not a circuit, chancery or county court;  and therefore, the Mississippi Rules of Civil Procedure are not applicable to its administrative hearings or appeals.

¶8.     Since the Mississippi Rules of Civil Procedure are not applicable, the issue is whether Parker timely filed her notice of appeal to the Board of Review pursuant to Miss. Code Ann. § 71-5-519.

¶9.     In the case sub judice, the claims examiner mailed the decision to deny unemployment benefits to Parker on June 4, 2002.  Parker timely filed her appeal to the MESC's office on June 4, 2002.  The appeals referee held a hearing on June 26, 2002.  The appeals referee mailed the decision affirming the claim examiner's decision to Parker on July 1, 2002.  Parker filed her notice of appeal to the Board of Review on July 16, 2002.

¶10.    The Court of Appeals plurality stated:

> The circuit judge concluded by stating that the "MESC can not promulgate rules of procedure in conflict with the Mississippi Rules of Civil Procedure. Specifically, the court finds that pursuant to Miss. R. Civ. P. 6(a) and 6(e), Parker's time to appeal her case to the Board of Review began on July 2, 2002, the day after the appeals referee mailed her decision to Parker, and ended July 19, 2002, which reflects the addition of an additional three days for Parker to respond, as required by Rule 6(e)."  Therefore, Parker's appeal was filed timely with the Board of Review.

***Parker***, 2004 WL 771485 (¶10).  We disagree.

¶11.    Pursuant to Miss. Code Ann. § 71-5-519, the 14 days began to run on July 1, 2002, and expired on July 15, 2002.  Parker did not file her notice of appeal until July 16, 2002. That

appeal was untimely, and both the Court of Appeals and the circuit court erred in concluding otherwise.

## CONCLUSION

¶12.     This Court has held that the fourteen-day time period is to be strictly construed. *Marion County Sheriff's Dep't*, 865 So. 2d at 1156.    Therefore, Parker failed to timely file her notice of appeal.    We reverse the judgments of  the Court of Appeals and the Circuit Court of Pearl River County, and  we render judgment reinstating and affirming  the decision of the Board of Review which dismissed Parker's appeal as untimely.

¶13.     **REVERSED AND RENDERED.**

     **SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON AND RANDOLPH, JJ., CONCUR.  GRAVES, J., CONCURS IN RESULT ONLY.  DIAZ, J., NOT PARTICIPATING.**