910 So.2d 1211 (2005)
Troy T. REDMOND, Appellant,
v.
MISSISSIPPI DEPARTMENT OF CORRECTIONS, Appellee.
No. 2003-CP-00627-COA.
Court of Appeals of Mississippi.
September 6, 2005.
Troy T. Redmond (Pro Se), appellant.
Office of the Attorney General, by Jane L. Mapp, attorney for appellee.
Before BRIDGES, P.J., GRIFFIS and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Troy T. Redmond was discharged from employment with the Mississippi Department of Corrections (MDOC) after twice hitting a hearing officer in the head with a tape recorder. He appealed his termination to the Mississippi Employee Appeals Board (EAB) and then to the Hinds County Circuit Court both of which affirmed his discharge. From an independent examination of the record, we find that Redmond's notice of appeal to the supreme court was not timely filed; therefore, we dismiss the appeal for lack of jurisdiction.
¶ 2. Troy T. Redmond was a correctional officer with the Central Mississippi Correctional Facility of MDOC in Pearl. On March 16, 1999, prior to an administrative review hearing before hearing officer David Fondren, Redmond and Fondren became involved in an altercation during which Redmond twice hit Fondren in the head with a tape recorder. Both men filed assault charges against the other in justice court. Redmond was found guilty of assault, and Fondren was found not guilty.
¶ 3. Shortly thereafter, MDOC terminated Redmond's employment. On appeal, both the EAB and the Circuit Court of Hinds County upheld the termination, with the circuit court opinion and order being entered on January 23, 2003. Pursuant to Rule 4(a) of the Mississippi Rules of Appellate Procedure, Redmond had thirty days from entry of the order in which to file a notice of appeal. As the thirtieth day fell on Saturday, February 22, and under Rule 26(a) of the Rules of Appellate Procedure, Redmond had until Monday, *1212 February 24 (not a legal holiday) to file his notice. Redmond did not, however, file his notice of appeal until Tuesday, February 25, 2003. Realizing his notice to be untimely, Redmond requested the circuit court to allow him to file an out of time appeal. The circuit court subsequently denied the motion.
¶ 4. "[T]imely filing of a notice of appeal is jurisdictional...." Smith v. Parkerson Lumber, Inc., 890 So.2d 832, 834(¶ 12) (Miss.2003). The time limits for perfecting an appeal are strictly enforced, and filing the notice even one day late requires dismissal of the action. See Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308, 310-11 (Miss.1989). Although the trial court has authority, under Rule 4(g) of the Rules of Appellate Procedure, to extend the time for filing a notice of appeal under certain circumstances, we do not. Rule 2(c) provides that while the Supreme Court or Court of Appeals may suspend other provisions of the rules for good cause, the appellate courts may not extend the time for taking an appeal in civil cases. See also M.R.A.P. 26(b) (appellate court "will not enlarge the time for filing notice of appeal or a petition for permission to appeal"). Consequently, Redmond's failure to file his notice in a timely manner or to secure an order of the circuit court extending the time for filing his notice of appeal, leaves this Court without jurisdiction over the case.
¶ 5. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.