KING, C. J.,
for the Court.
¶ 1. The Mississippi Employment Security Commission (ME SC)[1] appeals the decision of the DeSoto County Circuit Court which reversed MESC’s dismissal of Fredrick Ward’s appeal from the denial of unemployment compensation benefits. The sole issue on appeal is whether Ward timely initiated his appeal from the MESC referee’s decision. Finding that Ward did timely initiate an appeal, we affirm the decision of the circuit court.
FACTS
¶ 2. Ward resided in Tennessee, but was employed in Mississippi. Ward was terminated from Hatley’s Cricket Ranch in Olive Branch, Mississippi for absenteeism without proper notification. On October 31, 2003, Ward applied for unemployment compensation benefits by filing an Initial *265 Interstate Claim form with MESC at a Memphis office of the Tennessee Department of Labor and Workforce Development.[2] On November 26, 2003, MESC notified Ward that he was ineligible for benefits because he was discharged for misconduct connected with work. Ward appealed the claims examiner’s decision to the MESC referee. A telephone hearing was conducted on March 16, 2004 in which Ward and his former employer testified as to the circumstances surrounding Ward’s discharge. The referee affirmed the claims examiner’s decision to deny benefits. MESC mailed Ward a notice of the decision on March 17, 2004. On March 24, 2004, Ward filed a second interstate claim form. On April 2, 2004, he sent a letter to the MESC Board of Review (Board) which he entitled an appeal letter. On April 2, 2004, MESC responded to Ward’s March 24th interstate claim explaining that his claim was denied. On April 15, 2004, MESC advised Ward that he filed his appeal two days late, thereby rendering the referee’s decision final.
¶ 3. Ward then appealed to the DeSoto County Circuit Court.[3] The court found that Ward’s notice of appeal to the Board was filed when he appeared in the Tennessee claims office on March 25, 2004 and filed another claim form which referred to his October 31, 2003 claim.
ANALYSIS
¶ 4. The sole issue for consideration is whether the circuit court properly found that Ward’s March 25, 2004 filing of an interstate claim form was sufficient to initiate his appeal to the Board. Chapter seventy-one of the Mississippi Code deals with unemployment compensation. “In any judicial proceeding under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” Miss.Code Ann. § 71-5-531 (Rev.2000).
¶ 5. Additionally, Mississippi Code Annotated § 71-5-519 states,
Unless such appeal is withdrawn, an appeal tribunal appointed by the executive director, after affording the parties, reasonable opportunity for fair hearing, shall affirm, modify or reverse the findings of fact and initial determination or amended initial determination. The parties shall be duly notified of such tribunal’s decision, together with its reasons therefor, which shall be deemed to be the final decision of the executive director unless, within fourteen (14) days after the date of notification or mailing of such decision, further appeal is initiated pursuant to Section 71-5-523.
The fourteen day time period expressed in § 71-5-519 must be strictly construed. Mississippi Employment Security Com’n v. Parker, 903 So.2d 42, 44(¶4) (Miss.2005) (citing Wilkerson v. Miss. Employment Sec. Comm’n, 630 So.2d 1000, 1002 (Miss.1994)). This time period may be extended only if the claimant can show good cause for the delay. Mississippi Employment Security Com’n v. Marion County Sheriffs Dept., 865 So.2d 1153, 1157(¶ 10) (Miss.2004).
¶ 6. The Board mailed the referee’s decision to Ward and his former employer on *266 March 17, 2004, making Ward’s notice of appeal due on March 31, 2004. The Board’s notice informed Ward of the deadline to appeal and instructed Ward as follows. “This appeal may be filed at the nearest Claims Center Office or by a letter addressed to the Mississippi Employment Security Commission ...” Accordingly, Ward went to the nearest claim center office within the fourteen day time limit, presumably to file an appeal from the referee’s decision. How or why he was given another interstate claim form to fill out is a question that cannot be answered from reading the record or briefs. MESC now complains that the form which Ward filled out at the claims center was not on its face an appeal to the Board. However, the only instruction that Ward received on filing an appeal was contained in the Board’s letter and concerned only the time in which the appeal must be filed and a choice of locations at which to file. The letter states no formal requirements to which the notice of appeal must conform, nor does the controlling statute give any guidance. In fact, neither the letter nor statute reference a notice of appeal, rather they simply state that an appeal must be initiated within a specified time.
¶ 7. Ward’s April 2, 2004 letter informing MESC of his desire to appeal was clearly filed two days after the fourteen day deadline. However, we find, as did the circuit court, that Ward initiated his appeal to the Board by filing a second interstate claim form within the fourteen day deadline. Therefore, we affirm the decision of the circuit court and remand this matter to MESC to consider Ward’s appeal of the referee’s decision to deny him unemployment compensation benefits.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED.
LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT WRITTEN OPINION.

. This state agency is now the Mississippi Department of Employment Security.

. Persons seeking unemployment compensation benefits who live outside of Mississippi but earned wages in Mississippi are allowed to file interstate claims against Mississippi at the workforce agency in the state in which they reside.

. Interestingly, in its reply, MESC argued that the decision to deny Ward benefits was supported by the evidence, not that Ward's appeal to the Board was untimely.