936 So.2d 441 (2006)
Raymond BROADY, Appellant
v.
MISSISSIPPI STATE BOARD OF ARCHITECTURE, Appellee.
No. 2005-CA-00460-COA.
Court of Appeals of Mississippi.
August 15, 2006.
*442 Ramel Lemar Cotton, Jackson, attorney for appellant.
Office of the Attorney General by Woody Woodcock, Jackie Tatum, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. By order dated September 3, 2004, the Mississippi State Board of Architecture (Board) found that Raymond Broady had unlawfully engaged in the practice of architecture in this state. The Board found that Broady had (1) executed two contracts for architectural services while his license was inactive, and (2) used a Mississippi address in a transaction while a non-resident architect. As a result of these findings, the Board suspended Raymond Broady's license to practice architecture in Mississippi, and ordered him to pay a fine of $10,000. Broady received this order by certified mail on September 16, 2004. Additionally, Broady was notified of his right to appeal the Board's actions to the Chancery Court of Hinds County. Pursuant to Mississippi Code Annotated Section 73-1-31 (Rev.2004), Broady was notified that he had thirty days from the receipt of the order to file his notice of appeal and to post a $500 appeal bond with the Hinds County Chancery Clerk. On October 11, 2004, Broady filed his notice of appeal without the appeal bond. Broady tendered a check for $500.00, dated October 15, 2004, to the Hinds County Chancery Clerk on October 18, 2004, thirty-two days after his receipt of the Board's order. On December 1, 2004, the Board moved to dismiss Broady's appeal as being untimely. The motion cited his failure to comply with the statute requiring that both the notice of appeal and the appeal bond be filed within thirty days after receipt of notice from the Board. Broady filed a response to the Board's motion on December 10, 2004, and a motion for an extension of time to file an appeal on December 16, 2004. The chancery court heard the Board's motion to dismiss on February 22, 2005 and issued a bench opinion which granted the motion. A formal order of dismissal was entered on February 23, 2005. Aggrieved by the chancellor's actions, Broady filed a notice of appeal on March 7, 2005. Finding that Broady's appeal to the Hinds County Chancery Court was timely filed, this Court reverses that court's dismissal of Broady's appeal, and remand it to the Hinds County Chancery Court for further action.

*443 DISCUSSION
¶ 2. The issue before this Court is whether Broady timely perfected his appeal of the Board's actions to the Hinds County Chancery Court. However, to resolve that issue, this Court must determine the proper manner to compute the allowable time to perfect an appeal. That question is governed by Rule 6(a) of the Mississippi Rules of Civil Procedure, which reads, in part:
In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, as defined by statute, or any other day when the courthouse or the clerk's office is in fact closed, whether with or without legal authority, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday, or any other day when the courthouse or the clerk's office is closed....
¶ 3. Pursuant to M.R.C.P. 6(a), the time for Broady to perfect his appeal actually commenced on September 17, 2004, and under normal circumstances would have expired on October 16, 2004. However, in reviewing its 2004 calendar, this Court has determined that October 16, 2004 fell on a Saturday. Because the last day for Broady to perfect his appeal was Saturday, October 16, 2004, a day when the chancery clerk's office was closed, pursuant to M.R.C.P. 6(a), the deadline was extended to the next regular business day, October 18, 2004. This is also the date upon which the record shows the $500.00 bond was noted as received and filed by the Hinds County Chancery Clerk.
¶ 4. Rule 6 of the Mississippi Rules of Civil Procedure is in all material respects identical to our own appellate Rule 26(a). This Court addressed this issue under Rule 26(a) of the Mississippi Rules of Appellate Procedure in Redmond v. Mississippi Dep't of Corrections, 910 So.2d 1211 (Miss.Ct.App.2005). In Redmond, this Court stated, "Redmond had thirty days from entry of the order in which to file a notice of appeal. As the thirtieth day fell on Saturday, February 22, and under Rule 26(a) of the Rules of Appellate Procedure, Redmond had until Monday, February 24 (not a legal holiday) to file his notice." Id. at 1211-12(¶ 3). This Court sees no reason to ignore the application of the identical rule to the trial courts. Therefore, this Court finds that Broady's appeal was in fact timely filed.
¶ 5. The concurring opinion notes that it reaches the same conclusion as the majority, but in a different fashion.
¶ 6. The concurring opinion says that the majority opinion incorrectly applies the Mississippi Rules of Civil Procedure to an administrative procedure. It attempts to support this statement by citation to Miss. Employment Sec. Comm. v. Parker, 903 So.2d 42 (Miss 2005). That citation does not seem to support the position argued by the concurrence. In Parker, the issue was procedural compliance for appeal to, rather than from, an administrative agency. It is at that point which the supreme court said it was inappropriate to apply the rules of civil procedure to administrative hearings or appeals. Id. at 45(¶ 8).
¶ 7. In the case sub judice, the appeal is to the chancery court from the administrative agency. It is therefore to proceedings in the chancery court that we have applied the rules of civil procedure. Specifically, the rules of civil procedure are applied to determine the jurisdiction of the chancery court, as opposed to some action by the *444 administrative agency. Such an application is in fact consistent with Rule 1 of Mississippi Rules of Civil Procedure, which provides:
These rules govern procedure in the circuit courts, chancery courts, and county courts in all suits of a civil nature, whether cognizable as cases at law or in equity, subject to certain limitations enumerated in Rule 81; however, even those enumerated proceedings are still subject to these rules where no statute applicable to the proceedings provides otherwise or sets forth procedures inconsistent with these rules. These rules shall be construed to secure the just, speedy, and inexpensive determination of every action.
¶ 8. As a part of its circumnavigation in this matter, the concurrence holds that Broady's time for appeal started on September 4, 2004, the day after the order was dated rather than on September 17, 2004, the day after receipt of the notice by Broady. That the time for filing an appeal began on September 4, 2004, is an issue raised only by the concurrence, and not by either party. Under Mississippi Rule of Appellate Procedure 28(a)(3), this Court does not address issues not raised by the parties, except as plain error. If the concurrence correctly finds that issue as plain error, then it must likewise find a lack of jurisdiction in the chancery court and in this court. The remedy for lack of jurisdiction is dismissal of the appeal.
¶ 9. The concurrence can not have it both ways.
¶ 10. The majority opinion correctly addresses the issues before this Court consistent with the Rules of Appellate Procedure and the decisions of our courts. Thus, the trial court erred in dismissing Broady's appeal. Accordingly, this matter is reversed and remanded to the trial court.
¶ 11. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS REVERSED AND THIS MATTER IS REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, AND ISHEE, JJ., CONCUR. SOUTHWICK, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J., IRVING, GRIFFIS, BARNES AND ROBERTS, JJ. IRVING AND ROBERTS, JJ., CONCUR IN RESULT ONLY.
SOUTHWICK, J., Concurring.
¶ 12. With respect, I find that the two issues addressed by the majority need to be considered in a somewhat different manner. Still, I agree with reversing and remanding.
¶ 13. The majority concludes that one of the Rules of Civil Procedure is relevant in interpreting the statute on appeals from the Board of Architecture to a chancery court. M.R.C.P. 6. However, since these rules apply only to "suits of a civil nature," they are inapplicable. M.R.C.P. 1. An appeal to a chancery court from a state agency is not a suit brought in chancery court. The chancellor acts as an appellate judge, just as this Court acts, and not as a trial judge in a civil suit. The Supreme Court has several times held that it is error to use these rules to set procedures at an administrative agency. E.g., Mississippi Emp. Sec. Comm'n v. Parker, 903 So.2d 42, 45 (Miss.2005). I conclude that the rules similarly are inapplicable when computing the time for agency appeals.
¶ 14. I reach the same result as the majority, though, on the computation of a thirty-day time period. There is general *445 statutory guidance on calculating a number of days:
When process shall be required to be served or notice given any number of days, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday or a legal holiday, or any other day when the courthouse or the clerk's office is in fact closed . . ., in which event the period runs until the end of the next day [that is a governmental business day.]
Miss.Code Ann. § 1-3-67 (Rev.2005).
¶ 15. According to the statute authorizing appeals from the Board of Architecture, an appeal must be taken within thirty days after the board order that is being challenged. Miss.Code Ann. § 73-1-31 (Rev.2004). That statute also requires the appellant to file a notice of appeal with the chancery court. Section 1-3-67 establishes the computation of the thirty days within which to file this notice. I agree with the majority that if the last day falls on a weekend or holiday, the effective final day for the notice to be filed is the next day in which government offices are open. That result follows from this statute, though, and not a Rule of Civil Procedure.
¶ 16. The next issue is whether it is proper to begin the computation of the thirty days on the day after a party received notice of the final decision. In my view, the statute authorizing appeals from the Board of Architecture does not permit that approach: "Within thirty (30) days after any order, judgment or action of the board, any person aggrieved thereby may appeal such order, judgment or action.. . ." Miss.Code Ann. § 73-1-31 (Rev. 2004). The Board of Architecture's final decision is dated September 3, 2004. Thirty days after that, using the computation method of section 1-3-67, was October 3, 2004, a Sunday. October 4 was the deadline for this appeal and it was missed.
¶ 17. Certainly delays may occur in a party's becoming aware of a judgment from which an appeal should be taken. However, the Board of Architecture statute is far from the only one that starts the appellate calendar from the date of the decision appealed and not from a party's receipt of a copy of the decision. Issues have frequently arisen under the statute controlling appeals from the board of review at what is now the Mississippi Department of Employment Security. "Within ten (10) days after the decision of the board of review has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action, in the circuit court. . . ." Miss.Code Ann. § 71-5-531 (Rev.2000). This language has been interpreted to require appeal by that deadline, despite delays in notice of the decision reaching an aggrieved party. An extension of time beyond ten days from the judgment is not permitted "absent some event, not caused by a party, affecting that party's rights." Mississippi Emp. Sec. Comm'n v. Powell, 787 So.2d 1277, 1281 (Miss.2001).
¶ 18. Not only are there statutes similar to the Board of Architecture's appeal statute regarding other agencies, but the period  also thirty days  for taking appeals from final judgments of trial courts begins with the date of the decision, not the date of receipt of notice of the decision. M.R.A.P. 4(a) (appeal must be taken within thirty days "after the date of entry of the judgment or order appealed from.") There is nothing extraordinary about the natural meaning of the Board of Architecture appeal statute nor with the conclusion that Broady's appeal was two weeks late.
*446 ¶ 19. There is one other factor complicating this analysis. The Board letter that was sent with the order stated that Broady had thirty days from receipt to appeal. I agree with the majority's conclusion that Broady filed his notice of appeal and equivalent of a bond within that thirty day period. I disagree, though, that he had thirty days from receipt.
¶ 20. If the statute is ambiguous, deference will be given to an agency's interpretation announced by rule or other coherent and consistent means. Wilkerson v. Mississippi Emp. Sec. Comm'n, 630 So.2d 1000, 1002 (Miss.1994); Mississippi Gaming Comm'n v. Six Electronic Video Gambling Devices, 792 So.2d 321, 328-29 (Miss. Ct.App.2001). If the interpretation is contrary to the clear statutory language, no deference is shown. Id.; American Fed. Life Ins. Co. v. Dale, 701 So.2d 809, 812 (Miss.1997). The statute here is not ambiguous. Nothing in the statutory language suggests that receipt of notice by a party is relevant to the time to take an appeal. The natural reading of the language and the common practice for appeals is to start the count towards the filing deadline with the judgment. It is error for the Board of Architecture to interpret otherwise.
¶ 21. What these facts raise is whether a party may lose his procedural rights if he complies with the proper state agency's guidance that is inconsistent with the governing statute. Is due process or some other sufficient interest implicated if we fail to uphold for this case the ostensibly authoritative direction in the letter from the Board to Broady?
¶ 22. I start on this issue with the point that the Board's directions to Broady as to the time for appeal encroached on a matter of interpretation that may only be made authoritatively by the judiciary. The supreme court may well conclusively determine that I am wrong in my analysis of the appeal statute, but the point is that a party's reliance on legal advice from whatever source is not necessarily a protection from the consequences of following erroneous advice.
¶ 23. A Mississippi statute delegated to the Board of Architecture the administrative functions of managing the licensing of architects. The same set of statutes then provided for judicial review of some of the decisions. The State has created the system and neither the agency nor the courts can ignore the contribution of the other. One component of the bifurcated system for resolving disputes regarding licenses gave what appeared to be controlling direction to a citizen on the deadline for seeking review by the next part of the system. In my view, that direction was in error. To conclude that Broady's reliance caused his appeal to be fatally late would mean the agency's decision is now beyond review and the license is lost.
¶ 24. A similar disagreement between court and agency arose regarding notice that the United States Equal Employment Opportunity Commission gave on the time in which to seek judicial review of an unfavorable decision on a claim. Judge Charles Clark of the Court of Appeals for the Fifth Circuit wrote that to impose on a private party the effects of the judiciary's disagreement with the agency as to the time for seeking judicial review would offend basic fairness:
In the present fact situation, the notice was patently misleading as to the completion of agency action, and neither party is shown to have sought clarification. Although we find the EEOC's practice was erroneous and violative of the statutory right conferred upon the employer, AT & T, justice requires that we . . . make our ruling prospective only from the date of this decision plus 90 *447 days so that it will first apply to actions brought in this circuit on and after April 11, 1977. See Chevron Oil Company v. Huson, Part II, 404 U.S. 97, 105-109, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Under this reasoning, we will not visit the effects of EEOC's erroneous practice on Mrs. Zambuto who was misled by terminating her right to judicial examination of her employer's conduct. Because we hold the June 24 letter did not start the running of the 90-day limit on filing suit, the trial court was in error in dismissing the action.
Zambuto v. American Tel. & Tel. Co., 544 F.2d 1333, 1336 (5th Cir.1977).
¶ 25. Though a United States Court of Appeals panel in Zambuto did not "visit the effects" of an agency's improper written statutory explanation on a party, the Mississippi Supreme Court arguably took a different approach in a precedent already cited. The Mississippi Employment Security Commission told its examiners who heard appeals of claims within the agency that they should allow three days beyond the statutory limit of fourteen days when notice of the earlier decision was sent by mail. Wilkerson, 630 So.2d at 1001. The Supreme Court held that the policy was inconsistent with the statute and then visited the effects of the conclusion on the party. Id. at 1002-3. The opinion described the Commission's approach as an "unwritten practice subject to ad hoc and sporadic application." Id. at 1002. Other arbitrariness issues might arise from the inconsistency of the practice, but the key distinction from the present case is that the Supreme Court did not mention that there was public notice of the practice. Notice would have created issues of reliance.
¶ 26. Were we to give no effect to the Board's guidance, a denial of Broady's due process rights could result. Life, liberty and property may not be deprived without due process of law. U.S CONST. AMEND. V & AMEND XIV, § 1; MISS. CONST. ART. 3, § 14. Withdrawing a license needed for the practice of one's profession takes a property interest. Mississippi State Bd. of Nursing v. Wilson, 624 So.2d 485, 494 (Miss.1993). The State through an agency gave notice of a procedure for a party to follow. If that advice is erroneous and when followed causes the party to lose his rights, there is an arbitrariness that fails to grant the process that is due. See, e.g., McFadden v. Mississippi State Bd. of Med. Licensure, 735 So.2d 145, 158 (Miss. 1999). I find that to be true here even if a party should know that an agency does not have the authority to define the judicial review procedures. Since this agency undertook to notify a party of his rights, under the present facts we must approve the effects of that advice or else contribute to the denial of due process. I would declare that in future appeals to chancery court, though, that guidance has no effect.
¶ 27. In longer and more tedious fashion, I reach the same conclusion as the majority.
LEE, P.J., IRVING, GRIFFIS, BARNES AND ROBERTS, JJ., JOIN THIS OPINION.