## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 2008-CC-02142-SCT

*MARGIE BROWN*

*v.*

*MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/24/2008 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RAY CHARLES EVANS |
| ATTORNEY FOR APPELLEE: | LEANNE F. BRADY |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 03/11/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., DICKINSON AND KITCHENS, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Margie Brown appeals the decision of the Newton County Circuit Court, affirming

the denial of unemployment benefits by the Mississippi Department of Employment Security.

Because we find Brown's claim to be procedurally barred on appeal, we affirm the circuit

court's decision.

### FACTS AND PROCEDURAL HISTORY

¶2.     Margie Brown was employed for four years as an overnight stocker with Wal-Mart

Associates, Inc., working in the store in Newton, Mississippi.  She was discharged on May

9, 2008, according to Wal-Mart, for violating company policy regarding the length of breaks. Wal-Mart stated that all employees had received repeated training and notification that they were allowed only fifteen minutes of break time. However, Brown took breaks of at least twenty-five minutes on at least two occasions, the last one on May 5, 2008. According to Wal-Mart, Brown's discharge resulted from this last violation.

¶3. Brown filed for unemployment benefits with the Mississippi Department of Employment Security (MDES), which conducted an investigation to determine Brown's eligibility. In his "Notice to Employer of Claims Determination Decision," the claims examiner determined that Wal-Mart had not "shown that [Brown] was discharged for misconduct connected with work." Thus, the claims examiner found that "[Brown] is eligible for benefits based on this separation" and that "[e]ffective 05/11/2008, [Wal-Mart's] experience rating record will be charged for Unemployment Insurance benefits paid to the claimant . . . ." The notice included a section with instructions for appealing the initial determination, which stated that:

> If you disagree with this decision, an appeal or reconsideration must be filed no later than **06/20/2008**, which is 14 calendar days from the Date Mailed. Holidays and weekends will not extend the time for filing an appeal. If an appeal is filed after the 14 day period, a hearing will be held to determine whether good cause exists for the delay. Contact MDES for more appeal information. Appeals should be submitted using one of the following methods:
>
> | In Person: | WIN Job Center |
> | Phone: | 1-866-633-7041 |
> | FAX: | 1-877-994-6329 |
> | Mail: | MDES Appeals Department, PO Box 1699, Jackson MS 39215-1699. |

The notice stated that the "Date Mailed" was June 6, 2008 ("06/06/2008").

¶4.    By letter dated June 20, 2008, Wal-Mart appealed the claims examiner's initial determination.[1]  In the letter, Wal-Mart based its appeal on its assertion that "[Brown] was observed taking excessive breaks on 5/5/08."  The letter stated that "[w]e request that [Brown] be disqualified from receiving benefits and the employer's account be relieved of charges."  The envelope in which the letter was mailed to the MDES was postmarked "06/20/2008."  The appeal letter was stamped "Received" by the MDES on June 25, 2008.

¶5.    A telephonic hearing was held before the administrative law judge ("ALJ"), Cindy C. Gill, on July 21, 2008.  On July 23, 2008, the ALJ issued her decision, stating first that "[Wal-Mart] timely appealed a determination of the [MDES] which concluded that the claimant was eligible for benefits . . . ."  The ALJ found that Brown was witnessed taking a twenty-five-minute break in December 2007, and a twenty-three-minute break and a twenty-eight-minute break[2] on May 5, 2008.  Thus, the ALJ reversed the claims examiner's decision and denied Brown's claim for unemployment benefits, finding that Brown had committed disqualifying conduct for violating Wal-Mart's break and meal policy.  Brown appealed the ALJ's decision to the MDES Board of Review on July 24, 2008, stating simply that her

---

[1] The appeal letter actually was sent by Wal-Mart's "duly authorized agent," TALX UCM Services, Inc., UC eXpress, which handles Wal-Mart's employment and labor matters.

[2] According to the Wal-Mart representatives who testified before the ALJ, the second break on May 5, 2008, started at 5:05 a.m. and ended at 5:23 a.m., "for a total of 28 minutes."  By this Court's calculations, that is only eighteen (18) minutes.  At any rate, eighteen is still more than fifteen, and Brown was witnessed on several other occasions taking breaks of more than twenty minutes.  Thus, the Wal-Mart representatives' and the ALJ's miscalculation is harmless error.

3

"Reason for Appeal" was "I DISAGREE WITH THE DECISION." The Board of Review affirmed the ALJ's decision on August 28, 2008.

¶6. Sometime prior to September 4, 2008, Brown appealed to the Circuit Court of Newton County. In a document entitled "My Brief employment for my appeal," Brown asserted to the circuit court that:

> I was employed at Walmart Store # 1069. I was wrongfully discharged. The write[-]up was misconducts and productivity. I did not quit my job and I was available for work on the dates. I think I should have received my unemployment until I find another job. Enclosed is a copy of the dates of my absentees.

The Newton County Circuit Court affirmed the Board of Review's decision on November 24, 2008. Brown filed her notice of appeal on December 24, 2008, arguing only that the circuit court's judgment "is in error as a matter of law."

## STANDARD OF REVIEW

¶7. The scope of review in an unemployment-compensation case is limited. Absent fraud, the findings of fact of the Board of Review are conclusive if supported by substantial evidence. *Johnson v. Miss. Employment Sec. Comm'n*, 761 So. 2d 861, 863 (Miss. 2000). Thus, judicial review is limited to questions of law, which this Court reviews de novo. *Id.*

## DISCUSSION

¶8. On appeal, Brown does not argue that MDES's findings of fact (*i.e.*, that she was discharged for misconduct) are not supported by substantial evidence. Instead, Brown argues, for the first time, that Wal-Mart's appeal to the ALJ from the claims examiner's initial determination was untimely filed. Thus, Brown argues that the ALJ, the Board of

4

Review, and the circuit court committed reversible error in denying her unemployment benefits. Although there is arguable merit to Brown's assertion, we find this issue to be procedurally barred because Brown failed to raise it in any of the proceedings below.

**I.      Whether Wal-Mart's appeal to the ALJ was timely filed.**

¶9.      Mississippi Code Section 71-5-517 provides fourteen days in which to file an appeal from a claims examiner's initial determination to the ALJ. Miss. Code Ann. § 71-5-517 (Rev. 2000). This fourteen-day period is to be strictly construed. *Wilkerson v. Miss. Employment Sec. Comm'n*, 630 So. 2d 1000, 1002 (Miss. 1994).

¶10.     Here, the fourteen-day period started running on June 6, 2008, the date the notice of the claims examiner's initial determination was mailed to Brown and Wal-Mart. *Id.*; *Miss. Employment Sec. Comm'n v. Parker*, 903 So. 2d 42, 44 (Miss. 2005). Thus, the appeal deadline was June 20, 2008, fourteen calendar days later. Miss. Code Ann. § 71-5-517. Wal-Mart's appeal letter was postmarked and mailed on June 20, 2008, but it was not stamped "Received" by the MDES appeals department until June 25, 2008. Brown asserts that, for the purposes of "filing an appeal" under Section 71-5-517, the operative date is the date the appeal is "received," and thus, Wal-Mart's appeal to the ALJ was untimely filed.

¶11.     MDES asserts that, after this Court decided *Wilkerson* and *Parker*, it "instituted a policy that it would consider an appeal timely filed if it was *postmarked* by the fourteenth (14th) day." In *Wilkerson*, we struck down an unpublished, internal policy of the Mississippi Employment Security Commission (MESC),[3] which allowed an additional three days in

---

[3] Effective July 1, 2004, the name of the Mississippi Employment Security Commission was changed to the Mississippi Department of Employment Security, Office of

5

which to file an appeal. ***Wilkerson***, 630 So. 2d at 1002. This Court found that the "statutory scheme does not contain a provision which gives the Commission the power to modify the statute by arbitrarily or capriciously adding three days to the time for appeal." ***Id.*** In ***Parker***, we held that, because MESC is not a circuit, chancery, or county court, "the Mississippi Rules of Civil Procedure are not applicable to its administrative hearings or appeals[.]" ***Parker***, 903 So. 2d at 44-45. Thus, we held that the claimant was not afforded an additional three days, pursuant to Mississippi Rule of Civil Procedure 6(e), in which to file an appeal. ***Id.*** MDES argues that the "postmark policy" is "a reasonable policy created to ensure that all interested parties' rights are preserved when they file an appeal to the ALJ or Board of Review via the mail."[4]

¶12. Nevertheless, MDES's new "postmark policy" is an internal policy, the likes of which this Court overruled in ***Wilkerson***. In fact, this Court specifically instructed in ***Wilkerson*** that MDES should modify the appeal-filing procedures only "by published rule and not by an unwritten practice subject to ad hoc and sporadic application." ***Wilkerson***, 630 So. 2d at

---

the Governor. *See* Miss. Code Ann. § 71-5-11(F) and Amendment Notes (Supp. 2009).

[4] According to MDES, there are four main reasons for its new "postmark policy." First, pursuant to ***Wilkerson*** and ***Parker***, "[i]f the parties are bound by the mail date and not the receipt date to calculate the fourteen (14) day period, it is only equitable that the parties be allowed to mail their appeal on the fourteenth (14th) day." Second, due to the large amount of mail MDES receives daily, some mail may take several days to get sorted to the appropriate department, so "the support staff in appeals must look to the postmark on the envelope to determine if a notice of appeal was filed timely." Third, due to the large number of appeals received daily by the appeals department, not all mail can be opened on the day it is received, so the staff must look to the postmark date to determine its timeliness. Finally, "due to inconsistencies with the mail[,] . . . MDES does not believe a party should be procedurally barred due to an issue with the mail."

6

1002. In fact, the statutory scheme governing MDES expressly provides that appeals should be governed by prescribed regulations. Specifically, Section 71-5-525 provides that:

> The manner in which appealed claims shall be presented and the conduct of hearings and appeals shall be in accordance with regulations prescribed by the board of review for determining the rights of the parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure.

Miss. Code Ann. § 71-5-525 (Rev. 2000). Hence, if MDES wishes to define the date an appeal is "filed" as the date it is postmarked, we think it should, at a minimum, do so by published rule. *Id.*; **Wilkerson**, 630 So. 2d at 1002.

¶13. It appears to this Court that MDES's current published rules define the date of "filing" an appeal as the date of "delivery." Specifically, the applicable section of the Mississippi Administrative Code relating to MDES appeals states, in pertinent part, that:

> (A) Time for Filing: Pursuant to Sections 71-5-517 and 71-5-519 of the Law, an interested party must file an appeal for an initial or amended determination within fourteen (14) days of the date the determination was mailed to the last known address. If the last day to appeal falls on a Saturday, Sunday, or other legal holiday, or day in which the Agency is closed for business, then the time allowed to appeal shall run until the end of the next business day.
>
> (B) Method of Filing: Appeals shall be filed using methods and procedures the Agency has established. Those methods . . . specifically include the following:
>
> (1) *delivery* by the United States Postal Services to the address provided on the determination or decision being appealed;
> (2) faxing to the number provided in the determination or decision being appealed;
> (3) in-person at any WIN Job Center;
> (4) electronically at the address provided in the determination or decision being appealed; or
> (5) telephonically by calling the number provided on the determination or decision being appealed.

7

38-000-006 Miss. Code R. § 200.01 (Weil 2008) (emphasis added). As can be seen, MDES's regulation includes only one "method of filing" applicable to the mail, and that method requires "delivery" to MDES. *Id.* It does not say "mailing" to MDES.[5] Therefore, according to MDES's published regulations, an appeal from an initial determination is not "filed" until it is "delivered" to (*i.e.*, received by) the MDES. *Id.*

¶14. Applying this rule to the instant case, Wal-Mart's appeal was untimely "filed." The claims examiner's initial determination, mailed on June 6, 2008, specifically informed Wal-Mart that its appeal must be "filed" no later than June 20, 2008. Wal-Mart's appeal letter, although postmarked on June 20, 2008, was not stamped "Received" by MDES until June 25, 2008. Because it was not "delivered" until June 25, it was not "filed" until June 25 under the terms of Section 200.01 of MDES's regulations. Hence, pursuant to Section 200.01, Wal-Mart's appeal from the initial determination was "filed" five days late. But this does not end the inquiry.

**II.    Whether Brown has waived the issue of the untimeliness of Wal-Mart's appeal.**

¶15. MDES argues that the asserted untimeliness of Wal-Mart's appeal to the ALJ is procedurally barred on appeal because Brown failed to raise the issue in the proceedings before MDES or in the circuit court below. This Court repeatedly has held that an issue not

---

[5] Conversely, MDES's official website states that "[an] appeal request may be made . . . by *mailing* or faxing a signed letter indicating a desire to appeal to [MDES]." MDES website, "Appeals Process," http://www.mdes.ms.gov/wps/portal#null (follow "Appeal Information" hyperlink under "Unemployment Services" tab, then follow "Appeals Process" hyperlink under "Appeal Information" heading) (last visited March 9, 2010) (emphasis added).

raised before the lower court is deemed waived and is procedurally barred. ***Pub. Employees' Ret. Sys. v. Freeman***, 868 So. 2d 327, 330 (Miss. 2004) (citing ***Davis v. State***, 684 So. 2d 643, 658 (Miss. 1996); ***Cole v. State***, 525 So. 2d 365, 369 (Miss. 1987)). However, the United States Supreme Court has explained recently that an administrative agency's nonjurisdictional filing requirements and deadlines, or "claim-processing rules," may be waived if not raised at the earliest opportunity, whereas jurisdictional filing requirements, which affect an appellate tribunal's subject-matter jurisdiction, can never be waived. ***Union Pac. R. Co. v. Bhd. of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment, Cent. Region***, — U.S. —, 130 S. Ct. 584, 596-97, — L. Ed. 2d —, 2009 WL 4573275, *9 (2009).

¶16.    In the realm of workers' compensation proceedings, our cases appear to hold that, where the statutes and rules governing appeals from the Workers' Compensation Commission deem a decision "final" upon the running of the allotted time for appeal, the appeal deadline is jurisdictional, and hence unwaivable. *See, e.g.*, ***Dependents of Townsend v. Dyer Woodturnings, Inc.***, 459 So. 2d 300, 302 (Miss. 1984) (where "statute states that the final award of the Commission shall be conclusive and binding" unless either party appeals within thirty days, "the procedure set forth therein is jurisdictional of an appeal to the circuit court"); ***Aetna Cas. & Sur. Co. v. Dir., Office of Worker's Comp. Programs, U.S. Dep't of Labor***, 97 F.3d 815, 818 (5th Cir. 1996) (citing 33 U.S.C.A. § 921(a)) (holding that statute which "provides a thirty[-]day period during which appeals may be filed before a decision of an ALJ or deputy commissioner will be considered final . . . imposes a jurisdictional requirement . . ."). In other words, if such a decision is not appealed by the applicable deadline, the circuit court is without jurisdiction to review the decision. *See also **Carney v.***

9

*Moore*, 94 So. 890, 891 (Miss. 1923) (citing *Kramer v. Holster*, 55 Miss. 243 (1877)) ("time within which such appeals [from justice court] were required by the statute to be taken was a limitation on the jurisdiction of the circuit court").

¶17.    The timeliness of an appeal from a claims examiner's initial determination to the ALJ is nonjurisdictional, and hence, it is a waivable issue.[6]  Section 71-5-517 does not state that the claims examiner's initial determination automatically will become final if no appeal is filed within fourteen days.  Miss. Code Ann. § 71-5-517 (Rev. 2000).   In fact, the notice of the claims examiner's initial determination states that "[i]f an appeal is filed after the 14-day period, a hearing will be held to determine whether good cause exists for the filing delay." Therefore, the fourteen-day deadline for filing an appeal to the ALJ in MDES proceedings is nonjurisdictional.  As such, the untimeliness of such an appeal is a waivable issue, *Union Pacific*, 130 S. Ct. at 596-97, and will be procedurally barred if not raised before the lower court.  *Freeman*, 868 So. 2d at 330.

¶18.    Brown has waived the issue of the untimeliness of Wal-Mart's appeal to the ALJ. After reviewing all the documents Brown filed before the ALJ, the Board of Review, and the circuit court, it is apparent that Brown failed to raise this issue in any of the proceedings

---

[6] However, the fourteen-day deadline to appeal an ALJ's decision to the Board of Review, and the ten-day period in which to appeal the Board of Review's decision to the circuit court, are jurisdictional deadlines.  The ALJ's decision "shall be deemed to be the final decision of the executive director unless, within fourteen (14) days after the date of notification of such decision, further appeal is initiated . . . ."  Miss. Code Ann. § 71-5-519 (Supp. 2009).  Similarly, "[a]ny decision of the Board of Review, in the absence of an appeal therefrom as herein provided, shall become final ten (10) days after the date of notification[.]"  Miss. Code Ann. § 71-5-529 (Rev. 2000).  As such, the untimeliness of such an appeal is an issue that cannot be forfeited or waived.

10

below. Brown did not object to the untimeliness of Wal-Mart's appeal at the hearing before the ALJ. *See Wilkerson*, 630 So. 2d at 1001. Further, Brown did not assert this issue in any of her filings before the Board of Review or the circuit court. Her arguments below focused squarely on the merits of the ALJ's and the Board of Review's decision to deny her unemployment benefits, based on their finding that she had been terminated for misconduct. In fact, the first time Brown raised the issue of the untimeliness of Wal-Mart's appeal to the ALJ was in her appellate brief before this Court. Therefore, we find that Brown waived her assertion regarding the untimeliness of Wal-Mart's appeal, and accordingly, it is procedurally barred on appeal.

## CONCLUSION

¶19. As Brown's only asserted error on appeal is procedurally barred, we must affirm the circuit court's decision, which affirmed the MDES's denial of unemployment benefits to Brown.

¶20. **AFFIRMED.**

**CARLSON, P.J., DICKINSON, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY. RANDOLPH, J., NOT PARTICIPATING.**